## 60058. MORROW v. THE STATE.

DEEN, Chief Judge.

Joe Morrow brings this appeal from his conviction of cruelty to children.

1. Appellant argues that the trial court erred in failing to charge on Code Ann. § 38-109, circumstantial evidence, because the mother of the child provided the only direct evidence as to appellant's guilt and her testimony was impeached. This enumeration is without merit. The evidence also contained the testimony of a deputy sheriff that Morrow made a voluntary statement to him as to his role in

beating the child.

2. The trial court did not err in failing to charge on accident when there was no evidence in the record to show that the child's injuries were caused by accident. Where theory of accident is not relied on as a defense, failure to charge on this theory, in absence of a timely written request, is not error. *Ga. Power Co. v. Woodall,* 43 Ga. App. 172 (158 SE 367) (1931). Code Ann. § 70-207.

3. Appellant contends the state failed to carry its burden of proof because the code section does not apply to stepparents who do not have legal custody of the child. Code Ann. § 26-2801 (b) provides: "Any person commits cruelty to children when he maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." A stepfather clearly falls within the scope of this code section.

4. The trial court did not err in charging the jury: "A crime is defined in our law as a violation of the statute in this state for which there shall be a union, or a joint operation of act, or omission to act, and intention, or criminal negligence." This charge is taken directly from Code Ann. § 26-601. The judge then went on to charge the jury that they could find criminal negligence by "consideration of the words and the conduct and the demeanor and the motive, and all of the other circumstances connected with the act for which this defendant is being prosecuted." Appellant argues that this charge is error because Code Ann. § 26-2801 requires the state to prove that he acted with malice. While it is true that malice is an element of the offense of cruelty to children, from the evidence introduced at trial as to the nature and extent of the child's injuries, the testimony of the accused's wife and the testimony of the deputy sheriff, the jury could have found him guilty as a party to the crime. The jury was charged on parties to a crime as found in Code Ann. § 26-801. Considering the charge as a whole, there was no error.

5. Appellant's assertion of the general grounds is also without merit. We have reviewed the entire record and find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of the accused's guilt beyond a reasonable doubt. *Brown v. State,* 152 Ga. App. 144 (262 SE2d 510) (1979).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Submitted June 4, 1980 — Decided September 5, 1980.

*Gary W. Forbes,* for appellant.
*Frank C. Mills, District Attorney,* for appellee.