## 66232. DOSS v. THE STATE.

DEEN, Presiding Judge.

Appellant received a ten-year prison sentence after a Cobb County jury found him guilty of aggravated assault. Following denial of his motion for a new trial he brings this appeal, enumerating as error the general grounds, the court's overruling of defense counsel's objection to the state's allegedly placing his character in issue, three instances in which the court gave allegedly erroneous or prejudicial jury instructions, and one instance in which the court refused to give an allegedly proper instruction.

Appellant had been invited to accompany two old friends for an evening of visiting local taverns. Also in the group was a fourth person whom appellant had never met and to whom he was not formally introduced that evening. This fourth person was the victim, whose recent bride had at one time known appellant; the precise nature and extent of their relationship was never clarified in the record. Towards the end of the evening the victim learned appellant's name from another member of the group and told the latter that he "wanted to talk to" appellant about his having furnished his wife with drugs at some time in the past. Despite being urged not to bring up the subject when appellant had been drinking, the victim did so. The result was that appellant, after insisting that the victim had confused him with his cousin, stabbed the victim in the stomach with a pocketknife.

Immediately after the incident the victim ran for help, and appellant leaped into his companions' truck, exclaiming, "Let's get out of here!" *Held:*

1. Appellant's enumeration of the general grounds is without merit. Appellant alleges a variance between allegata and probata, contending that he was incorrectly charged with aggravated assault rather than aggravated battery. OCGA § 16-5-21 (Code Ann. § 26-1302) provides that "A person commits the offense of aggravated assault when he assaults . . . (2) with a deadly weapon." " 'Aggravated assault with a deadly weapon is completed' when a simple assault is committed by means of a deadly weapon.' " *Hurt v. State,* 158 Ga. App. 722, 723 (282 SE2d 192) (1981); *Scott v. State,* 141 Ga. App. 848, 849 (234 SE2d 685) (1977). There is no conflict in the evidence concerning appellant's act and its result. The state proved aggravated assault, as statutorily defined, beyond a reasonable doubt. A reasonable trier of fact would have been authorized to find appellant guilty as charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

2. In the light of our holding in Division 1, supra, we find appellant's seventh enumeration also without merit. The court's refusal to give the requested instruction on simple battery was proper because the evidence did not authorize an instruction on this lesser offense.

3. Appellant enumerates as prejudicial the court's instructing the jury on flight from the scene. The instruction was proper because there was evidence in the record that after the stabbing appellant had not paused to inquire into the nature or extent of the wounds obviously sustained by the victim, but had urged his companions to drive away from the scene. See *Strickland v. State,* 137 Ga. App. 628 (1) (224 SE2d 809) (1976). This enumeration is without merit.

4. We find also without merit the court's allegedly prejudicial instruction that "the mere fact" that the defendant did not initiate the confrontation "does not necessarily show" that he was not guilty of assault "with a knife, a deadly weapon." Appellant urges that this took from the jury the right to decide whether the knife used was a deadly weapon. The challenged language was immediately preceded by the correct and clear instruction that "whether or not a weapon is a deadly weapon is an issue to be determined by you . . . based on the character of the weapon and the nature of the wounds inflicted . . ." In the context of the instruction as a whole, and of the undisputed facts in evidence, the language to which appellant takes exception could not have been understood by reasonable jurors as a usurpation of their prerogative to determine whether the knife with which

appellant stabbed the victim was or was not a deadly weapon.

5. Appellant contends that the court erred in sustaining the state's objection to defense counsel's urging the jury, in his closing argument, to consider the privation appellant would suffer if found guilty and sentenced to prison. The state had contended that this was improper because punishment was a matter for the court rather than the jury. We find this to be a correct statement of the law. The court's sustention of the objection was not erroneous.

6. Study of the record discloses that appellant revealed on direct examination that he had been barred from a tavern for fighting. The court did not err in overruling defense counsel's objection that the state had improperly placed appellant's character in issue on cross-examination by adverting to the fact that he was *persona non grata* at that particular tavern.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED APRIL 20, 1983.

*J. Alfred Johnson,* for appellant.
*Thomas J. Charron, District Attorney,* for appellee.