## 67361. ALEYWINE v. THE STATE.

SHULMAN, Presiding Judge.

This appeal follows the revocation of appellant's probation. On July 20, 1982, appellant was sentenced to serve six years on probation after pleading guilty to a charge of theft by conversion. As a condition of probation, appellant agreed to refrain from indulging in "any unlawful, disrespectful or disorderly conduct or habits." In March 1983, a rule nisi was issued which alleged that appellant had violated his probation by committing the offenses of rape, aggravated sodomy, and cruelty to children. After conducting several evidentiary hearings, the trial court determined that appellant had violated the conditions of his probation, and revoked that sentence. This appeal followed.

1. Appellant argues that his eight-year-old stepdaughter, the alleged victim of the cruelty charge, was incompetent to testify and that the trial court abused its discretion when it permitted the child to testify.

The preexamination of the child established that she knew the difference between telling the truth and lying; that she knew she should always tell the truth; that it was wrong to lie; and that lying caused her to be punished. She understood that if she promised to tell the judge the truth, she would have to tell him the truth and that the judge could punish those who did not tell the truth in court. She then promised the judge to tell him the truth, what really happened, and she was sworn as a witness. "The examination was sufficient to determine that she understood the nature of her oath as required by [OCGA § 24-9-5 (Code Ann. § 38-1607)]." *Decker v. State,* 139 Ga. App. 707 (1) (229 SE2d 520). See also *Walls v. State,* 166 Ga. App. 503 (1) (304 SE2d 547); *Lashley v. State,* 132 Ga. App. 427 (5) (208 SE2d 200). The trial court did not abuse its discretion in finding the child competent to testify. *Allen v. State,* 150 Ga. App. 605 (2) (258 SE2d

285).

2. Appellant also questions the sufficiency of the evidence presented against him at the revocation hearing.

"As to the sufficiency of the evidence, this court repeatedly has held that the trial judge is not bound by the same rules of evidence as a jury in passing on the guilt or innocence of the accused in the first instance. The judge is the trier of facts. He has a very wide discretion. [Cits.] Only 'slight evidence' is required to authorize revocation, and where there is any evidence supporting the prohibited criminal activity charged as a violation of the probation, this court will not interfere with the revocation of the trial court in the absence of a manifest abuse of discretion. [Cits.]" *Hayes v. State,* 168 Ga. App. 94 (6) (308 SE2d 227).

"Any person commits the offense of cruelty to children when he maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." OCGA § 16-5-70 (b) (Code Ann. § 26-2801). "A stepfather clearly falls within the scope of this code section." *Morrow v. State,* 155 Ga. App. 574 (3) (271 SE2d 707). The state presented evidence that appellant had kicked the child/victim, causing bruises on her legs; had thrown a lit match on her, burning her; had poked her nude body with a knife; had ordered her to place her fingers under a car seat hinge and then had "smashed" her fingers with the car seat; and had forced her to eat liquid soap as punishment, causing her to be sick. The evidence summarized above was sufficient to authorize the revocation of appellant's probation, and the trial court did not abuse its discretion in so doing. *Alligood v. State,* 160 Ga. App. 785 (287 SE2d 125).

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 14, 1984.

*F. Robert Raley,* for appellant.
*Willis B. Sparks III, District Attorney, Charles H. Weston, Thomas J. Matthews, Assistant District Attorneys,* for appellee.