## 77434. HAUN v. THE STATE.
### (377 SE2d 878)

BIRDSONG, Judge.

Brad Scott Haun was convicted of simple battery (OCGA § 16-5-23.1) under an indictment alleging only aggravated assault, in that he "did unlawfully make an assault upon the person of Bryon Parris Marsh with a bottle, an object which when used offensively against a person is likely to or actually does result in serious bodily injury."

The evidence authorized the jury to conclude that, after insulting words were exchanged among two groups of people in a restaurant parking lot, appellant ran towards Marsh and struck him in the face with a beer bottle, causing serious injury, including disfigurement.

After the close of the State and defense evidence, and before argument to the jury, the State orally requested the trial court to give a charge on simple battery. The trial court agreed, on the basis that simple battery is a lesser included offense of aggravated assault. Appellant objected strenuously. He requested the court give a charge on the offense of "affray" (see OCGA § 6-11-32), but the trial court refused to do so.

On appeal, Haun contends in three enumerations that the simple battery charge over his objection was error, the more so because the State's request was oral, and that the trial court erred in refusing to charge "affray." *Held:*

1. No error was committed on any of the grounds alleged. In the facts of this case, simple battery is a lesser included offense of aggravated assault. *Mathis v. State,* 184 Ga. App. 455, 456 (361 SE2d 856). Clearly the defendant, to his advantage, may be accused and have the jury instructed as to a lesser included offense than the one charged in the indictment; that the State did so for him is not a ground for complaint in this case.

2. OCGA § 5-5-24 (b) provides that in all cases, parties *"may* present to the court written requests [to charge]" (emphasis supplied); but since the trial court may sua sponte, that is, "of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation," (*State v. Stonaker,* 236 Ga. 1, 2 (2) (222 SE2d 354)), the appellant can hardly complain that the trial court gave the charge of a lesser offense not sua sponte, but upon an oral request of the State.

3. The trial court's refusal to charge the offense of "affray" was not error. While certainly there was evidence that a "fight" did occur among several persons, the indictment charged appellant with aggra-

vated assault in striking the victim with a bottle. The fact that this offense took place in the context of an affray ("the fighting by two or more persons in some public place to the disturbance of the public tranquility," OCGA § 16-11-32 (a)) does not require the trial court to charge the jury on that offense, to the obscuration of the one for which he was indicted. Affray, as statutorily defined, is not a lesser included offense of aggravated assault or even simple battery. In point of fact, either appellant caused "substantial physical harm or visible bodily harm" to the victim, or he did not; this is the criminal act the State chose to prosecute. If he committed this act, and the jury obviously decided he did, he has no right to a charge on a totally separate offense of "fighting." See generally *Anderson v. State*, 170 Ga. App. 634, 635 (317 SE2d 877).

On the whole, the appellant was the beneficiary, not the victim, of the State's benevolent request to charge a lesser offense than aggravated assault. We find no just grounds to reverse the conviction for simple battery in this case.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

Decided January 4, 1989 —
Rehearing denied January 23, 1989 — 

*Alan C. Manheim*, for appellant.
*Thomas J. Charron, District Attorney, Frank R. Cox, Assistant District Attorney*, for appellee.