## A90A0161. ROSSELL v. THE STATE.

(393 SE2d 485)

BIRDSONG, Judge.

Manuel Almiral Rossell appeals his conviction for aggravated assault, arising out of an incident wherein he cut and stabbed Theodore Smothers with a makeshift razor blade knife, while both were inmates of the DeKalb County Jail. Appellant Rossell was in jail on a burglary warrant sworn out by Smothers after Rossell had attempted by several undesirable methods (including the alleged burglary) to pursue a friendship with Smothers' mother. Coincidentally, Smothers was jailed for driving with a suspended license, and found himself lodged in the cell adjoining appellant's cell. The same day Smothers was put in jail, appellant caused his toilet to overflow into Smothers' cell, and appellant was allowed by a guard to enter Smothers' cell with a mop to clean up. The guard testified appellant went straight to the back of the cell; according to Smothers, appellant attacked Smothers in his bed with a weapon fashioned from old razor blades. Appellant testified, however, that he and Smothers were friendly and that when he was in Smothers' cell to clean up, Smothers pulled a "package" from under his mattress and attacked appellant. According to appellant, this "package" was the razor blade weapon, which Smothers dropped and which appellant then picked up and used in self-defense. *Held*:

1. Appellant contends he was entitled to mistrial because the trial court admitted evidence of a "similar transaction" which was not similar, was prejudicial, and as to which appellant had not been given ten days' notice of intent to introduce such evidence pursuant to Uniform Superior Court Rule 31.1.

We find no error in the denial of appellant's motion for mistrial. The evidence objected to came from the victim Smothers; when asked whether he had told appellant that his mother did not want appellant coming to her house, Smothers replied that appellant agreed he "wouldn't do it" anymore, but then did so again. Smothers was then asked if he confronted appellant about the matter, and "what were the circumstances about that conversation, Mr. Smothers?" On the stand, Smothers said: "Well, one night I had a gun aimed [at] my head when I was watering — when I was feeding the dog and watering the plants." Appellant's counsel objected to this statement, but in doing so, conceded to the court that the State and defense had "agreed [Smothers] could go into some threats that might have been made," however, appellant in essence argued this was not one of the threats the defense had agreed to let in.

The record is not clear what threats the defense had agreed could be admitted in evidence, or that any particular threats were excluded from this agreement. The evidence was admissible as the trial court held, and as appellant's counsel conceded, was proper, as evidence of

prior difficulties, threats or confrontations against the particular victim in an aggravated assault case to show motive, intent, or bent of mind. The ten-day notice requirement of intent to introduce evidence of similar transactions is not controlling here to exclude this evidence, because in the first place the parties had already agreed that "he could go into some threats that might have been made." The State learned about this incident only a few minutes before Smothers testified to it and therefore could not, in any case, have given appellant ten days' notice that it would be introduced in evidence. In admitting this evidence, the trial court recognized this fact and effectively "shortened" the notice requirement as Rule 31.1 allows it to do. See *Hall v. State*, 181 Ga. App. 92 (351 SE2d 236). We find no such prejudicial surprise in this evidence as to warrant holding the trial court abused its discretion in denying a mistrial (see *McDermott v. State*, 183 Ga. App. 693 (359 SE2d 750)), particularly since it is not even clear the defense was in fact surprised by this evidence or had not at least impliedly agreed to let it in as one of the threats made.

2. Appellant contends the trial court erred in refusing to charge the jury on simple battery. Appellant's defense was self-defense. He admitted that he had cut Smothers, but only quibbled about the reason he did it. The assault was committed with a deadly weapon, and so could not have amounted to mere simple battery, which is not a lesser included offense of aggravated assault. *Powell v. State*, 140 Ga. App. 36 (230 SE2d 90). We find no error in the trial court's refusal to give this charge.

*Judgment affirmed. Cooper, J., concurs. Banke, P. J., concurs in judgment only.*

DECIDED APRIL 5, 1990.

*John D. McCord III*, for appellant.
*Robert E. Wilson, District Attorney, John H. Petrey, Assistant District Attorney*, for appellee.