A91A0193. GIVENS v. THE STATE.
(406 SE2d 272)

BIRDSONG, Presiding Judge.

Jeffrey Lynn Givens appeals his conviction for aggravated assault, found upon an indictment alleging that he "did unlawfully make an assault upon the person of Shawn Campbell with a knife, a deadly weapon, by stabbing the said Shawn Campbell in the side during a fight. . . ." Appellant enumerates two errors below. *Held*:

1. Appellant contends the trial court erred in refusing his timely request to give a jury charge on the lesser included offense of battery. We find no error. The offense of battery is not necessarily a lesser included offense of aggravated assault. See *Tuggle v. State*, 145 Ga. App. 603, 604 (244 SE2d 131); accord *Mathis v. State*, 184 Ga. App. 455, 458 (361 SE2d 856). Although the element of physical or bodily harm is a requisite for battery (see OCGA § 16-5-23.1), where the physical or bodily harm is committed with a deadly weapon, simple battery is not a lesser included offense. *Powell v. State*, 140 Ga. App. 36 (230 SE2d 90). An issue of lesser included offense may arise in a case where the use of a deadly weapon is not necessarily alleged and proved (see *Tuggle*, supra), or where the character of the weapon is in question (see, e.g., *Haun v. State*, 189 Ga. App. 884 (377 SE2d 878)). However, where the indictment alleges assault with a deadly weapon and the evidence shows that an assault was committed with a deadly weapon, as in this case, aggravated assault is proved beyond a reasonable doubt, and the evidence does not support a finding that the defendant committed a battery. Therefore, the trial court was not required to charge the jury on battery as a lesser included offense. See *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550). Compare *Haun v. State*, supra at 884. See also *Doss v. State*, 166 Ga. App. 361, 362 (304 SE2d 484).

In this case, appellant did not make a specific written request to charge on a lesser included offense of battery, but merely requested

"lesser offense" from the Suggested Pattern Jury Instructions. This was insufficient to constitute a specific written request to charge as to battery, and it was not error for the trial court to fail to charge as to battery (see *Morrow v. State*, 155 Ga. App. 574 (271 SE2d 707)).

According to the standard in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), the evidence was sufficient to enable a rational trier of fact to conclude that if appellant committed any offense, he committed aggravated assault, as charged. *Powell*, supra; see also *Shields v. State*, 162 Ga. App. 388 (291 SE2d 448).

2. The trial court did not err in charging the jury on the issue of flight. The evidence that appellant did not remain at the scene (*Lindsey v. State*, 196 Ga. App. 67 (2) (395 SE2d 328)) raised the issue whether in all the circumstances his act of leaving was due to consciousness of guilt or was attributable to some other cause. See *Alexander v. State*, 180 Ga. App. 640 (1) (350 SE2d 284). If there is any evidence of flight, however slight, the issue is properly put before the jury. *Fredericks v. State*, 172 Ga. App. 379, 380 (323 SE2d 265).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JUNE 3, 1991.

*David C. Butler*, for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Assistant District Attorney*, for appellee.

