A92A0157. JONES v. THE STATE.
(419 SE2d 542)

CARLEY, Presiding Judge.

Appellant was indicted for the commission of an aggravated assault "by cutting and stabbing [the victim] with a knife. . . ." He was tried before a jury and found guilty. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

Appellant enumerates as error only the refusal to give his written request to charge on simple battery as a lesser included offense.

"The [S]tate or the accused may . . . request [the trial court] to charge on lesser crimes that are included in those set forth in the indictment or accusation, and [the] failure to so charge as requested, *if the evidence warrants such requested charge or charges*, shall be error." (Emphasis supplied.) *State v. Stonaker*, 236 Ga. 1, 2 (3) (222 SE2d 354) (1976). "Appellant's defense was self-defense. He admitted that he had cut [the victim], but only quibbled about the reason he did it. The assault was committed with a deadly weapon, and so could not have amounted to mere simple battery. . . . [Cit.]" *Rossell v. State*, 195 Ga. App. 327, 328 (2) (393 SE2d 485) (1990). "Examining the trial transcript in its entirety, we find that the offense of simple battery was not reasonably raised by the evidence adduced at trial and was not in issue so as to require instructions. [Cits.]" *Diaz v. State*, 194 Ga. App. 577, 579 (391 SE2d 140) (1990). "Where the evidence shows either the completed offense as charged or no offense,

such evidence will not support a verdict for one of the lesser grades of the offense. . . . [Cit.]" *Burley v. State*, 172 Ga. App. 34, 35 (3b) (321 SE2d 783) (1984). "According to the standard in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)], the evidence was sufficient to enable a rational trier of fact to conclude that if appellant committed any offense, he committed aggravated assault, as charged [in the indictment]. [Cits.]" *Givens v. State*, 199 Ga. App. 845, 846 (1) (406 SE2d 272) (1991). It follows that the trial court correctly refused to give appellant's unauthorized request to charge.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED MAY 19, 1992.

*Omotayo Alli*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, D. Victor Reynolds, Rebecca A. Keel, Assistant District Attorneys*, for appellee.