A93A0191. SCOTT v. THE STATE.
(430 SE2d 879)

McMurray, Presiding Judge.

Defendant was charged in a two-count indictment with aggravated assault in that he "did unlawfully make an assault upon the person of [the victim] with a certain knife, a deadly weapon, by cutting him . . ." (Count 1) and for theft by taking (Count 2). The evidence adduced at a jury trial reveals the following: During the afternoon of June 9, 1991, the victim chased the defendant and a confederate as the suspects fled a suspected crime scene. As the victim reached inside the suspects' get-away vehicle, the defendant stabbed the victim several times with a knife or a nail file, wounding the victim's arm. The jury found defendant guilty of aggravated assault and not guilty of theft by taking. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In his first enumeration, defendant contends the trial court erred in failing to give his written request to charge on the lesser included offense of battery as set out in OCGA § 16-5-23.1 (a).

"The offense of battery is not necessarily a lesser included offense of aggravated assault. See *Tuggle v. State,* 145 Ga. App. 603, 604 (244 SE2d 131); accord *Mathis v. State,* 184 Ga. App. 455, 458 (361 SE2d 856). Although the element of physical or bodily harm is a requisite for battery (see OCGA § 16-5-23.1), where the physical or bodily harm is committed with a deadly weapon, simple battery is not a lesser included offense. *Powell v. State,* 140 Ga. App. 36 (230 SE2d 90). An issue of lesser included offense may arise in a case where the use of a deadly weapon is not necessarily alleged and proved (see *Tuggle,* supra), or where the character of the weapon is in question (see, e.g., *Haun v. State,* 189 Ga. App. 884 (377 SE2d 878)). However, where the indictment alleges assault with a deadly weapon and the evidence shows that an assault was committed with a deadly weapon, as in [the] case [sub judice], aggravated assault is proved beyond a reasonable doubt, and the evidence does not support a finding that the defendant committed a battery. Therefore, the trial court was not required to charge the jury on battery as a lesser included offense. See

*State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550). Compare *Haun v. State*, supra at 884. See also *Doss v. State*, 166 Ga. App. 361, 362 (304 SE2d 484)." *Givens v. State*, 199 Ga. App. 845 (1) (406 SE2d 272).

2. Next, defendant contends the trial court erred in failing to give his written request to charge on the lesser included offense of simple battery as set out in OCGA § 16-5-23.

" 'The State or the accused may . . . request (the trial court) to charge on lesser crimes that are included in those set forth in the indictment or accusation, and (the) failure to so charge as requested, *if the evidence warrants such requested charge or charges*, shall be error.' (Emphasis supplied.) *State v. Stonaker*, 236 Ga. 1, 2 (3) (222 SE2d 354) (1976). [However, 'where] the evidence shows either the completed offense as charged or no offense, such evidence will not support a verdict for one of the lesser grades of the offense. . . . (Cit.)' *Burley v. State*, 172 Ga. App. 34, 35 (3b) (321 SE2d 783) (1984)." *Jones v. State*, 204 Ga. App. 279 (419 SE2d 542). In the case sub judice, defendant admitted that he stabbed and wounded the victim, but testified that he did so in self-defense. The assault was therefore committed by cutting the victim with a deadly weapon as alleged in the indictment, and so could not have amounted to mere simple battery. *Rossell v. State*, 195 Ga. App. 327, 328 (2) (393 SE2d 485) (1990); *Jones v. State*, 204 Ga. App. 279, supra. Consequently, the trial court did not err in refusing to give defendant's written request to charge on simple battery.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 29, 1993.

*Fleming & Blanchard, Richard A. Ingram, Jr., Charles R. Sheppard*, for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, J. Wade Padgett, Assistant District Attorneys*, for appellee.