## A00A1517. VAN DORAN v. THE STATE.
### (536 SE2d 163)

JOHNSON, Chief Judge.

Richard Van Doran was convicted of aggravated assault for stabbing and cutting Terry Crawford with a knife and of possessing a knife during the commission of that aggravated assault. He appeals, arguing that the trial court erred in not instructing the jury that reckless conduct and simple battery are lesser included offenses of the aggravated assault charge. The argument is without merit.

"Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error."[1] Van Doran admits in his appellate brief that he made no request, written or otherwise, for a charge on reckless con-

---

[1] (Citations and punctuation omitted.) *Hawkins v. State*, 267 Ga. 124, 125 (3) (475 SE2d 625) (1996).

duct as a lesser included offense of aggravated assault. Absent such a written request, the trial court did not err in failing to charge the jury on reckless conduct.[2]

Van Doran did, however, file a written request for a charge on simple battery and orally asked the court to charge the jury on battery as a lesser included offense of aggravated assault. But the court found that such a jury charge was not supported by the evidence. We agree with the trial court's finding.

"[W]here the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense."[3] In the instant case, the evidence established all the elements of aggravated assault with a knife. The state proved that Van Doran and Crawford got into a verbal and physical fight, that Crawford was unarmed, that Van Doran pulled a knife from his pants pocket, and that Van Doran then repeatedly stabbed and cut Crawford.[4] Van Doran did not deny that he cut the unarmed Crawford with the knife but testified that he could not remember using the knife and that he had simply tried to defend himself after Crawford initiated the altercation.

The evidence thus did not raise the issue of simple battery. Rather, the evidence showed either that Van Doran committed the aggravated assault with the knife or that he did not commit the crime because his use of the knife was justified. "Where the evidence shows either the completed offense as charged or no offense, such evidence will not support a verdict for one of the lesser grades of the offense."[5] Because there was no evidence raising simple battery as a lesser included offense of the aggravated assault, the trial court did not err in refusing to give such a lesser offense jury charge.[6] We therefore find no basis for reversing Van Doran's convictions.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 13, 2000.

*Richard L. Moore, Kathryn E. Cozzo*, for appellant.

---

[2] See *Gagnon v. State*, 240 Ga. App. 754, 757 (3) (525 SE2d 127) (1999).

[3] (Citation, punctuation and emphasis omitted.) *Huckeba v. State*, 217 Ga. App. 472, 475 (3) (458 SE2d 131) (1995).

[4] See OCGA § 16-5-21 (a) (2) (a person commits an aggravated assault when he assaults with a deadly weapon or with any object which, when used offensively against a person, is likely to or actually does result in serious bodily injury).

[5] (Citations and punctuation omitted.) *Jones v. State*, 204 Ga. App. 279-280 (419 SE2d 542) (1992).

[6] See *Givens v. State*, 199 Ga. App. 845 (1) (406 SE2d 272) (1991).

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.