S12A1776. THORNTON v. THE STATE.

(734 SE2d 393)

THOMPSON, Presiding Justice.

Appellant Mark Thornton was convicted of felony murder, aggravated assault with a deadly weapon, criminal attempt to commit armed robbery, burglary, possession of a firearm during the commission of a felony, and conspiracy to commit a crime in connection with his role in the shooting death of Joshua Scott.[1] Thornton's motion for new trial was denied, and he now appeals his convictions. On appeal, Thornton asserts that there was insufficient evidence to support his conviction based on a party to a crime theory; the trial court erred in permitting the State to present evidence of Thornton's prior illegal drug activities; and trial counsel rendered ineffective assistance of counsel. For the reasons that follow, we affirm.

---

[1] The crimes occurred on November 18, 2008. Thornton was indicted by a Fulton County grand jury on April 20, 2010, on charges of murder, three counts of felony murder, aggravated assault with a deadly weapon, criminal attempt to commit armed robbery, burglary, possession of a firearm during the commission of a felony, and conspiracy to commit a crime. The jury returned a verdict on May 24, 2010, finding Thornton guilty of felony murder (three counts), aggravated assault with a deadly weapon, criminal attempt to commit armed robbery, burglary, possession of a firearm during the commission of a felony, and conspiracy to commit a crime. Thornton was sentenced to life imprisonment for felony murder (predicated upon the underlying felony of aggravated assault), 30 years for criminal attempt to commit armed robbery, to run consecutive to the felony murder, 20 years for burglary to run consecutive to the criminal attempt, and five years for possession of a firearm during the commission of a felony to run consecutive to burglary. The additional two felony murder counts and the aggravated assault with a deadly weapon conviction were vacated and merged with the felony murder count for sentencing. See *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). The conviction for conspiracy to commit a crime was dead docketed. Thornton filed a motion for new trial on June 7, 2010 and an amended motion for new trial on January 24, 2012. Thornton's motion for new trial was heard on February 3, 2012, and was denied on April 26, 2012. Thornton filed a notice of appeal on April 27, 2012. The appeal was docketed to the September 2012 term of this Court and submitted for decision on the briefs.

Viewed in a light most favorable to the verdict, the evidence shows the following. Thornton planned to rob Scott because he knew Scott, his drug supplier, would have a large amount of money and drugs in his house. He enlisted four other men to help him carry out his scheme. Thornton drove two of the men to Scott's neighborhood and parked the car down the road from Scott's house. Another car with two occupants followed Thornton to the neighborhood. Thornton pointed out Scott's house to his co-indictees, but stayed in the car during the robbery because he did not want Scott to recognize him.

Scott was making a sandwich in the kitchen when his door was kicked in. Three men entered, yelled "police," and ordered the occupants to get on the ground. Scott shot at the intruders while his roommate hid in the bedroom. One of Scott's bullets hit an intruder. Two of the intruders returned fire and fatally shot Scott. Two intruders, one of whom was wounded, fled the scene and jumped into the car where Thornton was waiting. Thornton drove them to the hospital and dropped them off.

1. Having reviewed the record in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Thornton guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Thornton claims that there was insufficient evidence to support his conviction based on a party to a crime theory. See OCGA § 16-2-20. We disagree. Thornton was more than merely present near the crime scene. There was evidence that Thornton planned the robbery, drove two of his co-indictees to Scott's house, pointed out Scott's house to his co-indictees, and drove the getaway car. "Presence, companionship, and conduct before and after an offense is committed are circumstances from which participation in the criminal act may be inferred." *Curinton v. State*, 283 Ga. 226, 228-229 (657 SE2d 824) (2008). There was sufficient evidence for the jury to conclude that Thornton was a party to the crimes.

3. Thornton asserts that the trial court erred when it permitted the State to present evidence of Thornton's prior illegal drug activities. Evidence of Thornton's prior illegal drug use and drug dealing was properly admitted to show his motive to rob a home where he believed illegal drugs and money would be found.

Although motive is not an essential element in proving the crimes charged, the State is entitled to present evidence to establish that there was a motive, and evidence that [Thornton bought drugs from the victim] is relevant to prove that he

had a motive for committing the crimes and is not rendered inadmissible by the fact that it incidentally puts his character in issue.

*Brady v. State*, 270 Ga. 574, 578-579 (513 SE2d 199) (1999) (citing *Johnson v. State*, 260 Ga. 457, 458 (2) (396 SE2d 888) (1990)).

4. Lastly, Thornton contends that his trial counsel provided ineffective assistance of counsel in requesting an improper sequential charge regarding the lesser-included offense of voluntary manslaughter pursuant to *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), to successfully prove ineffective assistance of counsel Thornton must show: (1) counsel's performance was so deficient that it fell "below an objective standard of reasonableness"; and (2) because of counsel's deficient performance, Thornton suffered actual prejudice, such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694.

After charging the jury on malice murder, felony murder, criminal attempt to commit armed robbery, aggravated assault, burglary, and possession of a firearm during the commission of a crime, the court charged the jury on voluntary manslaughter, stating:

> If you do not believe beyond a reasonable doubt that . . . the defendant[ ] is guilty of murder or felony murder but you do believe beyond a reasonable doubt that the defendant is only guilty of voluntary manslaughter, then you would be authorized to find the defendant guilty only of voluntary manslaughter.
>
> A person commits the offense of voluntary manslaughter when he causes the death of another human being under the circumstances which would otherwise be murder and if he acts solely as the result . . . of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person.

Trial counsel indicated at the motion for new trial hearing that he requested the charge with a strategic and tactical purpose in mind. The voluntary manslaughter charge was a fall back option in case the jury did not believe Thornton was merely present at the scene of the crimes. Trial counsel's request for the voluntary manslaughter charge was reasonable under the circumstances and, in any event, the charge did not violate *Edge* because nothing in the charge suggested that the jury could not consider voluntary manslaughter until after it

found Thornton not guilty of murder. See *Morgan v. State*, 290 Ga. 788, 791 (725 SE2d 255) (2012).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

*Jennifer A. Treishmann*, for appellant.

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Bikoff, Assistant Attorney General*, for appellee.