In the Supreme Court of Georgia


Decided:  June 2, 2014


S14A0218.  DESIRE v. THE STATE.


THOMPSON, Chief Justice.

Appellant Andre Desire was convicted of felony murder and theft by taking in connection with the strangulation death of Amado Diaz-Avila.[1]  His motion for new trial was denied, and he appeals, asserting that the trial court erred by permitting the State to present evidence of his drug use and prior thefts. Finding no error, we affirm.

---

[1] The crimes occurred on January 15, 2010.  Appellant was indicted by a Candler County grand jury on March 23, 2011, on charges of murder, felony murder, aggravated assault, theft by taking, and two counts of possession of a knife during the commission of a crime.  After a jury trial on September 6-7, 2011, appellant was found guilty of felony murder, aggravated assault, and theft by taking.  He was sentenced on September 16, 2011, to life imprisonment without the possibility of parole for his felony murder conviction, a twenty-year consecutive term of imprisonment for his aggravated assault conviction, and a consecutive ten-year term of imprisonment for his conviction for theft by taking.  His motion for new trial was filed on September 16, 2011. An amended motion for new trial, filed on March 1, 2013, was denied in an August 12, 2013, order in which the trial court also determined the charge of aggravated assault should have merged into the felony murder conviction.  Appellant was re-sentenced on August 9, 2013, nunc pro tunc to September 14, 2011, to life in prison without the possibility of parole and a consecutive ten-year term of imprisonment.  A notice of appeal was filed on August 16, 2013.  The appeal was docketed in this Court for the January 2014 term and submitted for decision on the briefs.

1. Viewed in the light most favorable to the jury's verdict, the evidence showed that on the afternoon of the crimes, appellant and Joe Medina went in Medina's red Jeep to the victim's apartment building, where they attempted to sell a stereo speaker by aggressively knocking on doors and approaching people who were standing outside. The victim, who had been paid that day and had several hundred dollars cash in his possession, agreed to purchase the speaker for $20. Appellant and the victim left to retrieve the speaker and upon their return, appellant placed the speaker in the victim's apartment. Later that night, appellant returned to the victim's apartment and after a confrontation, he fatally strangled, beat, and stabbed the victim. Appellant then left in the victim's gray Honda.

When the victim failed to show up for work the next week, his co-workers, who were checking on him, discovered his body in a back room partially hidden under a chair and next to a bloodied brick. His pockets had been pulled out and he had no money on his person. Both the brick and a knife discovered outside the victim's door contained the victim's blood. Expert testimony established that the cause of death was asphyxiation by strangulation with multiple blunt and sharp force injuries.

2

A witness who saw appellant carry the speaker into the victim's apartment earlier in the day testified that he saw Medina's red Jeep return to the victim's apartment that evening. Several neighbors testified that at 10:30 or 11:00 p.m. they heard people fighting in the victim's apartment, followed by what was described as hammering noises or someone hanging pictures. They then heard the victim's vehicle leave. Appellant was seen by a witness a few days after the crimes with a Honda similar in color to the victim's car.

During questioning by police, appellant first admitted selling the victim the speaker but denied going into the victim's apartment. He later admitted going into the kitchen area only, and finally admitted going into the back bedroom and sitting on the bed. While being questioned again the following day, an investigator noticed what appeared to be blood stains on appellant's pants. Appellant's clothing was seized, and the blood on his pants was determined to match the victim's DNA.

We conclude the evidence was sufficient to enable the jury to find appellant guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. During trial, appellant's sister, Lawanda Wilson, testified that appellant

3

had been living with her prior to the date of the crimes, but that she asked him to leave because of his drug use and because he had stolen a sound system from her vehicle.[2]  Appellant then moved his belongings to the home of his other sister, Wendy Wilson, who testified that appellant had a problem with crack cocaine and had stolen an X-Box from her children.  Appellant contends this testimony was irrelevant and improper character evidence that should not have been admitted into evidence.  We disagree.

Whether to admit evidence is a matter resting in the sound discretion of the trial court, and evidence that is relevant and material to an issue in a case is not rendered inadmissible by the fact that it incidentally places the defendant's character in issue.  Price v. State, 269 Ga. 373, 374 (2) (497 SE2d 797) (1998).  The State's theory at trial was that appellant, desperate to get money to buy drugs, attacked the victim in order to steal money from him.  In addition to the challenged testimony, the State's theory of appellant's motive is supported by evidence introduced showing that on the day of the crimes appellant, who was acting as if he was under the influence of drugs or alcohol, was asking people

---

[2] Appellant admitted to police that he used crack cocaine but denied that he had a "bad" addiction.

for money and knocking on doors, including the victim's door, trying to sell a stereo speaker. There was also evidence that after the crimes, appellant went to a friend's house seeking to purchase drugs. "Although motive is not an essential element in proving the crimes charged, the State is entitled to present evidence to establish that there was a motive, and evidence [of appellant's extensive drug use and need to obtain money for drugs] is relevant to prove that he had a motive for committing the crimes." Brady v. State, 270 Ga. 574, 578-579 (513 SE2d 199) (1999), citing Johnson v. State, 260 Ga. 457, 458 (2) (396 SE2d 888) (1990). See Thornton v. State, 292 Ga. 87, 88-89 (3) (734 SE2d 393) (2012) (evidence of defendant's prior drug use and illegal activities properly admitted to show motive to rob home where he believed money would be found); Holcomb v. State, 268 Ga. 100, 104 (4) (485 SE2d 192) (1997) (evidence of defendant's involvement in prior drug dealings admissible to prove motive for crimes). Accordingly, we find no abuse of discretion in the trial court's decision to allow the challenged testimony in support of the State's theory of motive in this case.

Judgment affirmed. All the Justices concur.