**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**February 25, 2021**

# In the Court of Appeals of Georgia

A20A1842. JONES v. THE STATE.                                    DO-064 C

DOYLE, Presiding Judge.

Following a jury trial, Justin Jones was convicted of one count of armed robbery[1] and two counts of aggravated assault.[2] He appeals the denial of his amended motion for new trial, arguing that: (1) the trial court erred by refusing to instruct the jury on battery as a lesser included offense of aggravated assault; (2) the trial court erred by granting the State's motion in limine to exclude evidence that the victim was a drug dealer; (3) he received ineffective assistance of counsel; and (4) the cumulative effect of errors requires reversal. For the reasons that follow, we affirm.

---

[1] OCGA § 16-8-41 (a). Jones was acquitted of an additional count of armed robbery.

[2] OCGA § 16-5-21 (a) (2).

"On appeal from a criminal conviction, the defendant is no longer presumed innocent[,] and all of the evidence is to be viewed in the light most favorable to the jury verdict."[3]

So viewed, the record shows that in March 2017, Jones, Jordan Dobson, and two female friends were at S. W.'s house, along with about ten other people. At one point, Dobson and Jones went outside and discussed robbing S. W. Later in the evening, as they were leaving, Dobson pulled out a gun, pointed it at S. W., and demanded money S. W. ran, and Dobson fired the gun at him. S. W. ran back inside his house, and Jones tackled him and beat him with a gun. While one of the men continued to pistol whip S. W., the other one took several hundred dollars from S. W.'s pocket. Jones then went into a basement bedroom, where he encountered K. T. Jones pointed a gun at K. T.'s face and took money he demanded from K. T's wallet.

Jones and Dobson were each charged with two counts of armed robbery and two counts of aggravated assault.[4] The jury found Jones guilty of two counts of aggravated assault and one count of armed robbery of S. W., and it found him not guilty of armed robbery of K. T. Jones filed a motion for new trial, which he

---

[3] *Johnson v. State*, 304 Ga. 610, 612 (1) (b) (820 SE2d 690) (2018).

[4] Dobson is not a party to this appeal.

amended, and the trial court denied his amended motion for new trial in a detailed order following a hearing. This appeal followed.

1. Jones argues that the trial court erred by denying his written request to instruct the jury on battery as a lesser included offense of aggravated assault as to S. W. We disagree.

A person commits aggravated assault, in relevant part, when he, "[w]ith a deadly weapon,"[5] "[a]ttempts to commit a violent injury to the person of another . . . or . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury."[6] In this case, Jones was charged with aggravated assault by making an assault upon S. W. with "a handgun, a deadly weapon, by hitting [him] with said weapon and . . . pointing said weapon at [him]." Under OCGA § 16-5-23.1 (a), "[a] person commits the offense of battery when he . . . intentionally causes substantial physical harm or visible bodily harm to another."

> The offense of battery is not necessarily a lesser included offense of aggravated assault. Although the element of physical or bodily harm is a requisite for battery, [if] the physical or bodily harm is committed with a deadly weapon, simple battery is not a lesser included offense. .

[5] OCGA § 16-5-21 (a) (2).

[6] OCGA § 16-5-20 (a).

3

. . [And if] the indictment alleges assault with a deadly weapon and the evidence shows that an assault was committed with a deadly weapon, as in this case, aggravated assault is proved beyond a reasonable doubt, and the evidence does not support a finding that the defendant committed a battery. Therefore, the trial court was not required to charge the jury on battery as a lesser included offense.[7]

2. Next, Jones contends that the trial court erred by excluding evidence that the victim was a drug dealer. Again, we disagree.

OCGA § 24-4-403 ("Rule 403") provides that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "[T]he trial court's discretion to exclude evidence under Rule 403 is an extraordinary remedy which should be used only sparingly. The major function of Rule 403 is to exclude matter of scant or cumulative probative force, dragged in by the heels for the sake of

---

[7] (Citations and punctuation omitted.) *Givens v. State*, 199 Ga. App. 845 (1) (406 SE2d 272) (1991). See also *Van Doran v. State*, 244 Ga. App. 496, 497 (536 SE2d 163) (2000); *Scott v. State*, 208 Ga. App. 561, 561-562 (1) (430 SE2d 879) (1993). We note that Jones maintained at trial and on appeal that he never possessed a weapon on the night of the incident.

4

its prejudicial effect."[8] "A trial court's decision to admit other acts evidence will be overturned only where there is a clear abuse of discretion."[9]

Here, the State moved in limine to exclude evidence that S. W. sold marijuana to people at the party the night of the robbery. At the hearing, the proffers from the parties showed that S. W. sold marijuana to multiple people, including Jones and Dobson, and many attendees were using marijuana at the party. Jones argued at the hearing that evidence of his own drug use or purchase of marijuana should be excluded, but that evidence involving S. W.'s selling of drugs should be admitted. After considering argument, the trial court excluded *any* evidence of drug use or involvement at the party, but permitted evidence that the defendants knew that S. W. had cash. In the order denying Jones's amended motion for new trial, the trial court stated that it weighed the evidence as required by Rule 403 and concluded that the "scant probative value" of evidence regarding drug use or sale at the party was "substantially outweigh[ed]" by the "high danger of unfair prejudice." We agree that the source of S. W.'s cash was of limited probative value, which "was substantially

[8] (Citations and punctuation omitted.) *Hood v. State*, 299 Ga. 95, 102-103 (4) (786 SE2d 648) (2016), quoting *State v. Jones*, 297 Ga. 156, 164 (3) (773 SE2d 170) (2015), *United States v. Utter*, 97 F3d 509, 514-515 (II) (B) (2) (11th Cir. 1996).

[9] *Jones*, 297 Ga. at 159 (1).

5

outweighed by its danger of creating prejudice,"[10] and therefore, we find no abuse of discretion in the trial court's exclusion of evidence that S. W. sold or used drugs.[11]

3. Jones further argues that trial counsel was ineffective. This argument presents no basis for reversal.

To prevail on a claim of ineffective assistance of counsel, Jones

must prove both that his counsel's performance was professionally deficient and that he was prejudiced as a result. To establish deficient performance, [Jones] must show that counsel performed his duties in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms. To prove prejudice, [Jones] must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different.

---

[10] (Punctuation omitted.) *Hood*, 299 Ga. at 105 (4), quoting *United States v. Spletzer*, 535 F2d 950, 956 (VI) (5th Cir. 1976).

[11] We note that evidence in this case that *the victim* was involved with drugs is distinguishable from those cited by Jones in which evidence regarding *the defendant's* drug or gang involvement was admitted. See *Taylor v. State*, 304 Ga. 41, 46 (3) (816 SE2d 17) (2018) (evidence of the defendant's gang affiliation was admissible to demonstrate the defendant's motive to rob the victim); *Thornton v. State*, 292 Ga. 87, 88-89 (3) (734 SE2d 393) (2012) (evidence of the defendant's prior illegal drug activities was admissible to show his motive to commit robbery at a home where he believed drugs and money would be located). Here, the source of the victim's cash was of limited probative value.

We need not address both parts of the *Strickland* [*v. Washington*[12]] test if [Jones] makes an insufficient showing on one.[13]

Furthermore, "[t]rial tactics and strategy, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them."[14]

(a) Jones contends that trial counsel was ineffective by failing to request that the trial court instruct the jury on robbery as a lesser included offense of armed robbery and simple assault as a lesser included offense of aggravated assault.

At the motion for new trial hearing, trial counsel testified that although he considered requesting lesser included charges in addition to battery, he did not request them because Jones's defense was that he was present during the robberies, but was not involved. "[The] decision not to request a jury charge on a lesser included

---

[12] 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

[13] (Citation and punctuation omitted.) *Knighton v. State*, ___ Ga. ___, ___ (2) (c) (Case No. S20A1195, decided Dec. 21, 2020), citing *Strickland*, 466 U. S. at 687 (III), 694 (III) (B), 697 (IV).

[14] (Citation and footnote omitted.) *Terrell v. State*, 276 Ga. App. 102, 104 (2) (622 SE2d 434) (2005).

offense in order to pursue an 'all-or-nothing' defense is a matter of trial strategy[, and d]ecisions regarding matters of trial tactics and strategy, whether wise or unwise, generally do not amount to ineffective assistance [of counsel]."[15]

(b) Jones contends that trial counsel was ineffective for failing to object to written statements going out with the jury during deliberations in violation of the continuing witness rule. But trial counsel testified that he wanted the statements in evidence for impeachment purposes and because they "really exploited — in my opinion, exploited the testimony of [a] key witness for the State." "[Trial] counsel's decision regarding what evidence to introduce is presumed strategic given that there is no evidence in the record to the contrary, and we cannot say that the decision was patently unreasonable."[16] Furthermore, Jones "has failed to demonstrate that but for

[15] (Citations and punctuation omitted.) *Davis v. State*, 287 Ga. App. 786, 788 (2) (653 SE2d 104) (2007). See also *Boccia v. State*, 335 Ga. App. 687, 692 (1) (a) (ii) (782 SE2d 792) (2016) ("Looking at the objective reasonableness of counsel's performance, we find that there were sound strategic reasons for not undermining [the defendant's] all-or-nothing defense by introducing the idea that he may have committed lesser crimes."), citing *Villegas v. State*, 334 Ga. App. 108, 112 (2) (778 SE2d 363) (2015) ("counsel's failure to seek a charge on a lesser included offense and instead to pursue an all-or-nothing strategy 'is not so patently unreasonable that no competent attorney would have made that decision'").

[16] *Miller v. State*, 325 Ga. App. 764, 771 (4) (b) (754 SE2d 804) (2014). See also *Moon v. State*, 288 Ga. 508, 516 (9) (705 SE2d 649) (2011) (trial counsel's failure to object to the admission of a recording of the defendant's police interview

8

trial counsel's failure to object to the [witness statements] going out with the jury during deliberations there is a reasonable probability that the outcome of the trial would have been different."[17]

4. Finally, Jones argues that the cumulative effect of the above-listed errors warrants a new trial. "Although we may now consider whether the cumulative effect

was strategic and did not amount to ineffective assistance of counsel).

[17] *Williams v. State*, 337 Ga. App. 381, 387 (3) (b) (787 SE2d 333) (2016). We note that trial counsel's proffer at the motion for new trial hearing that jurors told him after the trial that they believed that Jones played a lesser role in the robberies constitutes inadmissible hearsay. See OCGA § 24-8-801 (c) (defining hearsay); *Drews v. State*, 303 Ga. 441, 447 (2) (810 SE2d 502) (2018) (proffer made at motion for new trial hearing constituted inadmissible hearsay). Further, we question the admissibility of non-hearsay evidence regarding the jurors' mental processes during deliberations. See OCGA § 24-6-606 (b) ("Upon an inquiry into the validity of a verdict or indictment, a juror shall not testify by affidavit or otherwise nor shall a juror's statements be received in evidence as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon the jury deliberations or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. . . ."). In any case, there was no evidence or even proffer that there was a reasonable probability of a different outcome if trial counsel had merely presented the witnesses with their statements and objected to sending the statements back with the jury.

of errors requires a new trial, [if], as here there are not multiple errors, there can be no cumulative error."[18]

*Judgment affirmed. McFadden, C. J., and Hodges, J., concur.*

---

[18] *Williams v. State*, __ Ga. App. ___, ___ (c) (Case No. A18A0279, decided Jan. 5, 2021), citing *State v. Lane*, 308 Ga. 10, 15 (1), 21 (4) (838 SE2d 808) (2020) ("applying cumulative error to claims arising from ineffective assistance of counsel but suggesting that cumulative error requires the occurrence of at least two errors during trial"); *Crider v. State*, 356 Ga. App. 36, 50 (4) (846 SE2d 205) (2020); *Showers v. State*, 353 Ga. App. 754, 761 (2) (d) (839 SE2d 245) (2020).