### 73822. JACKSON v. THE STATE.
(357 SE2d 321)

BENHAM, Judge.

Appellant was charged with two counts of aggravated assault upon a peace officer. OCGA § 16-5-21 (c). The jury was instructed, at appellant's request, on the elements of mutiny and found appellant guilty of one count of mutiny. In his sole enumeration of error, appellant asserts that the evidence presented against him was not sufficient to support the conviction of mutiny.

A person commits mutiny when he, while in the lawful custody of a penal institution, "assails, opposes, or resists an officer of the law or of such penal institution or a member of the guard with intent to cause serious bodily injury. . . ." OCGA § 16-10-54. The State presented evidence that appellant, an inmate at Buford Correctional Institute, raised a metal chair above his head and, on his downward swing, struck a correctional officer on the arm. The officer received a glancing blow because his fellow officer had pushed him out of the

downward path of the chair. Still armed with the chair, appellant again attacked the victim, who blocked the chair from hitting his head by fending off the blow with his arms. Once subdued, appellant threatened to kill the officer. Appellant contends there is no evidence that he acted with the requisite intent to cause serious bodily injury.

" 'Sometimes the intention can be proved, sometimes it can only be inferred or presumed; and the general rule laid down by our Code is, that the intention will be manifested by the circumstances connected with the perpetration of the offense . . . [T]he intent with which an act is done is peculiarly a question of fact for determination by the jury.' [Cit.] . . . We are of the opinion that the evidence was sufficient for the jury to determine beyond a reasonable doubt that appellant acted with the intent to cause serious bodily injury to the [correctional officer] he struck." *Weaver v. State*, 170 Ga. App. 731 (4) (318 SE2d 196) (1984). See also *Weaver v. State*, 176 Ga. App. 639 (2) (337 SE2d 420) (1985). The acquittal of appellant of aggravated assault upon a peace officer does not compel a different conclusion, since in aggravated assault of the type charged in the indictment, we look to the means by which one attempted to inflict injury; in mutiny, to the intended result.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 18, 1987.

*Lawrence L. Washburn III*, for appellant.
*Thomas C. Lawler III, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.