A93A1955. JAMES v. THE STATE.
A93A1956. DALE v. THE STATE.

(436 SE2d 565)

BIRDSONG, Presiding Judge.

Terrance Ellis James appeals his judgment of conviction and sentence of armed robbery and aggravated assault; Travis Lamar Dale appeals his judgment of conviction and sentence of armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. *Held:*

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellants no longer enjoy a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that each appellant was guilty of the offenses of which convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Both appellants' contention that the trial court erred in failing to give a requested charge to the lesser included offense of misdemeanor theft by taking is without merit.

(a) As a general rule, a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense. *Poole v. State*, 205 Ga. App. 652 (4) (423 SE2d 52). However, the record reveals that both appellants requested the trial court to charge the following "pattern charge" pertaining to theft by taking, "Part 4G 1 et seq. (specifically 4G 5 (b) — value less than $500)." These requests are ambiguous as to whether only paragraph 4G 5 (b) is being requested, or whether all theft by taking charges from Part 4G 1 on, specifically including 4G 5 (b), are being requested. Part 4G 5 (b) standing alone would constitute an incomplete charge as it does not adequately apprise the jury of the elements of theft by taking, and accordingly could mislead the jury regarding such offense. Likewise, charging on all theft by taking pattern charges from "Part 4G 1 et seq." could confuse the jury as such a charge would include a definition of financial institutions and other matters not in issue. Compare *Harris v. State*, 202 Ga. App. 618, 621 (4c) (414 SE2d 919). "If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised . . . by the evidence, denial of the charge request is proper." Id. Appellants' enumerations of charging error, as crafted, are without merit. In the absence of a proper request to charge, there is no requirement to charge on a lesser included offense. *Bonds v. State*, 203 Ga. App. 51, 53 (6) (416 SE2d 329).

(b) Additionally, the potential lesser included offense of misde-

meanor theft by taking was not reasonably raised by the evidence. Appellant Dale testified for the defense, and, although asserting that the store clerk had solicited him to join a criminal conspiracy to steal money from the store, denied "absolutely" that he or co-defendant James took any money out of the store and in effect denied that either he or co-defendant James had entered a criminal conspiracy with the clerk to steal store money. Neither did the evidence introduced by the State in any manner reasonably raise such a lesser included offense.

*Malone v. State*, 142 Ga. App. 47 (234 SE2d 844) is distinguishable factually and not controlling. In *Malone*, defendant made certain admissions in evidence that he had robbed the victim and had taken the money, but denied that he had used any force. In this case, there exists no evidence that either appellant perpetrated or was a principal or a conspirator merely to a theft by taking. Under the posture of the evidence in this case, appellants either were guilty of armed robbery or were not guilty of any other offense involving the taking of the averred property. Where the evidence shows either the completed offense, as averred, or no offense, such evidence will not support a verdict for one of the lesser grades of the offense. *Scott v. State*, 208 Ga. App. 561, 562 (2) (430 SE2d 879); accord *Jones v. State*, 204 Ga. App. 279 (419 SE2d 542). Consequently, the trial court did not err in refusing to give appellants' written request to charge on theft by taking. Id. Compare *Belcher v. State*, 201 Ga. App. 139, 141 (4) (410 SE2d 344).

*Judgments affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED OCTOBER 5, 1993.

*Whitehurst, Cohen & Blackburn, Steven B. Kelley*, for appellant (case no. A93A1955).

*Loftiss, Van Heiningen & Ward, Walter E. Van Heiningen*, for appellant (case no. A93A1956).

*H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.