## A96A1300. HOOPER v. THE STATE.
(478 SE2d 606)

BEASLEY, Chief Judge.

Hooper appeals his convictions of stalking (OCGA § 16-5-90), aggravated stalking (OCGA § 16-5-91), criminal trespass (two counts) (OCGA § 16-7-21), and making harassing phone calls by repetition (OCGA § 16-11-39.1 (a)).

A formal accusation against Hooper alleged that in June and July 1994, he had stalked Stringfellow and obstructed an officer. Stringfellow had sworn out a warrant against Hooper, and he was incarcerated from late July until mid-September 1994. It was shown at trial that immediately upon his release from jail, he began stalking Stringfellow again. This resulted in an indictment alleging that in September and October 1994 he engaged in aggravated stalking, committed criminal trespass against Stringfellow's property (two counts), made harassing phone calls to her (two counts), and committed simple battery upon two of her friends (two counts).

The accusation and indictment were joined for trial. Evidence showed that Hooper and Stringfellow had dated, and after she attempted to end their relationship, he began following her. When she would go places, including her job, he would appear. After she found him hiding in her basement early one morning, she changed her locks. She also changed her telephone to an unlisted number, which he obtained by deception. As a result of all of this, she stopped going out to lunch and began staggering her work hours. He would call her at work and at home at all times of day and night. She had her calls screened at work, but he would identify himself as someone else. He would appear at her house repeatedly at night. On more than one occasion, her telephone lines were cut. On another occasion, she met several friends at a restaurant, and Hooper appeared but then left. When Stringfellow left, another man accompanied her to her car. Hooper reappeared and assaulted the man.

After Hooper was incarcerated, he continued calling Stringfellow at her home and writing her letters, some of which contained implied threats. Although she had told him repeatedly to stay off her property, he went back to her house the night he was released from jail and continued to return. A card he left for her at her job contained an implied threat.

The court granted a directed verdict of acquittal on the accusation of obstruction of an officer. The jury found Hooper not guilty of the two counts of simple battery (allegedly spraying two of Stringfellow's friends with an irritating substance when he once appeared at her house). On motion for new trial, the court set aside Hooper's conviction on the count charging harassing phone calls on October 23, 1994 (Count 7).

1. Hooper contends that the trial court erred in granting the State's motion to join the accusation and indictment for trial and in overruling his motion for severance.

The joinder of offenses in this case was based upon a series of acts constituting parts of a single scheme or plan by Hooper to relentlessly intimidate and severely distress Stringfellow. The offenses charged in the accusation were committed before Hooper was incarcerated, and he began committing offenses charged in the indictment immediately upon his release. Under these circumstances, severance lay with the sound discretion of the trial court, which was not abused because the series of acts engaged in by Hooper constituted a coherent whole, the parts of which shared a commonality. See *Davis v. State*, 223 Ga. App. 346 (477 SE2d 639) (1996); *Hayes v. State*, 182 Ga. App. 26 (1) (354 SE2d 655) (1987); *Carter v. State*, 155 Ga. App. 840, 842 (2) (273 SE2d 417) (1980).

2. Hooper challenges the sufficiency of the evidence to support his convictions of stalking and aggravated stalking. He argues that

there was insufficient evidence to show that his conduct was done for the purpose of harassing and intimidating Stringfellow.

Stalking and aggravated stalking are proscribed by Article 7 of Chapter 5 of OCGA Title 16. "A person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person." OCGA § 16-5-90 (a). A person commits the offense of aggravated stalking when such person engages in the previously described behavior in violation of a peace bond or various specified orders or conditions. OCGA § 16-5-91 (a).

"For the purposes of [Article 7], the term 'harassing and intimidating' means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear of death or bodily harm to himself or herself or to a member of his or her immediate family, and which serves no legitimate purpose." OCGA § 16-5-90 (a).

Construed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find that Hooper engaged in precisely the behavior forbidden. *Kennedy v. State*, 199 Ga. App. 803, 804 (3) (406 SE2d 136) (1991). OCGA § 16-5-90 (a) expressly states that an overt threat of death or bodily injury is not required, and there was evidence that Hooper made implied threats against Stringfellow.

3. Hooper contends that the court erred in overruling his motion for directed verdict as to the aggravated stalking charge.

A person commits the offense of aggravated stalking when the stalking behavior is in violation of, among other things, a "condition of pretrial release" prohibiting such behavior. OCGA § 16-5-91 (a).

The magistrate imposed as a condition of Hooper's pretrial release that he have no contact with Stringfellow. Hooper's fallacious challenge to the sufficiency of the evidence is based on the fact that this condition was not contained in any written order, but it is uncontested that it was verbally communicated to Hooper by a law enforcement officer at the telephoned instruction of the magistrate. The statute does not require a written order for such a condition to have effect. The fact that the instruction was given and received, not that it was physically memorialized, is the focal point. Of course, a written instruction, acknowledged in writing by a defendant, is much preferred because it forecloses the issue and precludes any doubt. Its absence might be decisive in doubtful cases.

4. Hooper contends that the court erred in overruling his motion for directed verdict on the indictment count alleging harassing telephone calls on October 19, 1994 (Count 6), because there was insufficient evidence of *repeated* calls.

The State does not advance any argument or provide any reference to the record in support of its contention that the court did not err in this regard. Rather, the State's position is that Hooper's conviction of this count should merge into the aggravated stalking conviction. There is evidence of only one call on this date, and since the State specifically alleged that the date of the offense was a material averment, the proof failed. *Ledesma v. State*, 251 Ga. 885 (1), 886 (311 SE2d 427) (1984); *Sarver v. State*, 206 Ga. App. 459, 460 (2) (426 SE2d 48) (1992). For lack of evidence, Hooper's conviction of harassing telephone calls is reversed.

5. Hooper contends that he was denied effective assistance of trial counsel. This enumeration has been expressly conceded as insupportable by Hooper's appellate counsel. Thus, there is no issue to resolve.

Hooper's conviction of harassing telephone calls is reversed. His remaining convictions are affirmed.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 28, 1996 —
RECONSIDERATION DENIED NOVEMBER 13, 1996 —

*Gale & Henley, Teddy L. Henley*, for appellant.
Dennis R. Hooper, *pro se.*
*James R. Osborne, District Attorney, Ernest C. Barrett, Fred A. Lane, Jr., Assistant District Attorneys*, for appellee.