## A99A0894. BROWN v. THE STATE.
### (523 SE2d 333)

POPE, Presiding Judge.

Terrell Brown was tried and convicted of two counts of felony obstruction of an officer and sentenced to consecutive five-year terms. On appeal he enumerates four errors.

Construed in favor of the verdict, the evidence shows that on February 3, 1997, Deputies Acker and Jones of the warrant division of the Floyd County Sheriff's Department were attempting to arrest Brown pursuant to a warrant for violating his probation by failing to report and absconding supervision. They had previously been unsuccessful finding Brown at the address shown on the warrant, and they had a tip that Brown would be going to 205 Cherry Street in a red Honda and that he was possibly armed. Upon arrival, Jones saw a red Honda in the driveway and a man in the window who he believed fit Brown's description. Theron Plummer, who did not own or live at the property, opened the door and assented to Jones's request to come into the house, but Jones never attempted to determine whether Plummer had authority to consent. Jones then asked Plummer and a woman who had appeared if they would let Officer Acker in the back door, which they proceeded to do.

Jones then walked into a bedroom with his gun in hand at his side and found the homeowner, Nathan Ware, and a child. Jones twice asked Ware if Brown was there and Ware did not respond but looked behind the open door. Jones pulled the door back, and Brown, who was standing there, said "Okay man, you got me." As Jones attempted to handcuff him, Brown suddenly ran past Jones and out of the house. In so doing, he pushed Jones's gun hand aside causing the gun to strike Jones in the head. Both Jones and Acker pursued Brown into a wooded area. Eventually Acker caught Brown by the foot, and Brown began to beat Acker and reach for Acker's gun arm.

Fearing he was about to be overcome and lose his gun to Brown, Acker shot Brown in the thigh. Brown was then arrested.

1. Brown contends the court should have granted his motion to dismiss the indictment because he could not be convicted as a matter of law. He asserts the officers in question were not acting "in the lawful discharge of [their] official duties" as provided by OCGA § 16-10-24 because they were not legally in the house, and that therefore he cannot be guilty of obstructing or hindering an officer. He does not challenge the warrant for his own arrest.

"An essential element of the offense of obstruction of an officer is that the State prove beyond a reasonable doubt that the obstruction occurred while the officer was in 'the lawful discharge of his official duties.' OCGA § 16-10-24 (b). [Cit.]" *Woodward v. State*, 219 Ga. App. 329, 330 (1) (465 SE2d 511) (1995). It is now well established that even when armed with an arrest warrant, police must have either a search warrant, exigent circumstances or consent to lawfully enter a third person's home to arrest someone who does not reside there. *Steagald v. United States*, 451 U. S. 204, 212-215 (101 SC 1642, 68 LE2d 38) (1981); *King v. State*, 217 Ga. App. 889, 891 (459 SE2d 605) (1995). Here, the officers did not have a search warrant, they admit there were no exigent circumstances, and they failed to make any showing of proper consent allowing them to enter 205 Cherry Street.[1]

As pointed out in *Steagald*, two distinct Fourth Amendment interests are at stake where officers enter a third person's home to execute an arrest warrant, the arrestee's interest in being free from an unreasonable seizure and the homeowner's interest in being free from an unreasonable search of his home. *Steagald*, 451 U. S. at 216. Thus, the issue is whether officers are considered to be lawfully discharging their official duties where the officers' presence in the home was unlawful with respect to the homeowner, but where the officers had probable cause and a warrant to arrest Brown in a situation where Brown has no standing to object to the search of the house.[2]

While not sanctioning the failure of the officers to get a search warrant, we conclude the officers were engaged in the lawful discharge of their duties with regard to Brown. An arrest with reasonable or probable cause is within the lawful discharge of official duties. See *Woodward*, 219 Ga. App. at 330 (1). The officers in this case had probable cause and an arrest warrant. "In order to arrest

---

[1] The record reveals not one piece of evidence that Plummer had authority to consent to entry. The mere presence of a third party who gives purported consent to enter is insufficient. *State v. Floyd*, 161 Ga. App. 49, 50 (289 SE2d 8) (1982).

[2] It is undisputed that Brown had no ownership or possessory interest in that premises. As such, he had no expectation of privacy, and he lacks standing to challenge the validity of the search. *Moody v. State*, 232 Ga. App. 499, 504 (4) (a) (502 SE2d 323) (1998).

under a warrant charging a crime, the officer may break open the door of any house where the offender is concealed." OCGA § 17-4-3. Even if this statute has been limited by *Steagald*, the arrest warrant gave the officers authority to enter Brown's own premises to arrest him. *Steagald*, 451 U. S. at 221. It would be anomalous to interpret *Steagald* to afford Brown more rights in Ware's home than he would have in his own. As stated therein, "rights such as those conferred by the Fourth Amendment are personal in nature, and cannot bestow vicarious protection on those who do not have a reasonable expectation of privacy in the place to be searched." Id. at 219. The trial court did not err in denying the motion to dismiss. Compare *Singleton v. State*, 194 Ga. App. 423 (1) (390 SE2d 648) (1990) (officers with probable cause to arrest and knowledge of arrest warrant were acting in lawful discharge of their duty when they arrested defendant) with *Brooks v. State*, 206 Ga. App. 485, 488 (2) (425 SE2d 911) (1992) (attempted arrest unauthorized because facts and circumstances within knowledge of officers not sufficient to warrant prudent man to believe defendant had committed offense).

2. Brown complains that the court erred in denying his request that uniformed officers not sit directly behind him at trial. It is preferred

> that the accused, while in the presence of the jury, should be free of indicia of guilt such as wearing shackles or prison garb, or being surrounded by uniformed security personnel, or anything else that might infringe upon the presumption that he is innocent.

*Collins v. State*, 164 Ga. App. 482, 484 (4) (297 SE2d 503) (1982). It is in the court's discretion whether to allow restraints on the defendant or the presence of officers in order to protect the safety of those in the courtroom or the public. Id. The appellant has the burden of showing the safety and security measures caused a violation of his constitutional rights. Id.

Here Brown's attorney acknowledged the sheriff's office had concerns about courtroom security but asked that the officers be positioned away from his client to avoid the suggestion of the need for the officers. However, he did not make a showing of how many officers there were or what the sheriff's security concerns were. The court indicated it had received reports from the sheriff's department about Brown, and that it was not going to interfere with the sheriff's security measures. Without more we cannot say the court abused its discretion. See *Thrasher v. State*, 204 Ga. App. 413, 414 (3) (419 SE2d 516) (1992); see also *Massey v. State*, 220 Ga. 883, 895 (6) (142 SE2d

832) (1965) (officers allowed to remain in courtroom for reasons of security).

3. Brown asserts the court improperly commented on the evidence by charging the jury "that injury to the officer is not a required element to the felony obstruction of an officer." This charge was a correct statement of law and we find no error. See *Fricks v. State*, 210 Ga. App. 562, 563 (436 SE2d 752) (1993).

4. The court did not err in refusing Brown's requested charge on a lesser included offense. First, the written request was not adequately adjusted or tailored to the facts of the specific case or to the law of misdemeanor obstruction of an officer, and therefore denial of the charge was proper. *James v. State*, 210 Ga. App. 454 (2) (a) (436 SE2d 565) (1993). Second, Brown failed to object at the charge conference and failed to object to the charge as given or to reserve his right to object. Brown, therefore, has waived his right to object on appeal. *Woods v. State*, 263 Ga. 804 (2) (440 SE2d 1) (1994); *Bradford v. State*, 221 Ga. App. 232, 237 (5) (471 SE2d 248) (1996).

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 16, 1999 —
RECONSIDERATION DENIED OCTOBER 8, 1999.

*McCrory & Baldwin, Aldous D. McCrory*, for appellant.
*Tambra P. Colston, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.