## A02A0405. GIBBS v. THE STATE.
### (564 SE2d 789)

MILLER, Judge.

Charlie Gibbs appeals from his conviction for obstruction of a law enforcement officer with violence, contending that the evidence at trial was insufficient to sustain his conviction. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that while an officer was trying to prevent a crowd from attacking police who were arresting a violent suspect, the officer saw Gibbs pick up a bottle, throw it at him, and run away. The officer was hit by the bottle. The officer testified that Gibbs was standing only 15 feet away from him near a light at the time that he threw the bottle and that he was positive that Gibbs threw the bottle because he got a good look at him.

The jury found Gibbs guilty of obstruction of a law enforcement officer with violence, and Gibbs now appeals. In his sole enumeration of error, Gibbs contends that the evidence was insufficient to sustain his conviction. He argues that testimony from other witnesses called into question whether the officer actually could have seen Gibbs throw the bottle at him.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.; see also *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Under OCGA § 16-10-24 (b), a person is guilty of felony obstruction of a police officer with violence when he "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer. . . ."

The officer testified unequivocally that he saw Gibbs throw the bottle that hit him while he was attempting to protect officers that were arresting a suspect who was fighting with them. Gibbs's act of violence against a police officer while the officer was lawfully discharging his duties would warrant a conviction for felony obstruction with violence. See OCGA § 16-10-24 (b). The evidence was sufficient to sustain the conviction.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 29, 2002.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.