A05A2018. REVERE v. THE STATE.
(626 SE2d 585)

SMITH, Presiding Judge.

Following a jury trial, Cedric Revere appeals from his aggravated stalking conviction, contending: (1) insufficient evidence supports his conviction; and (2) the trial court erred by failing to give his requested charges on lesser included offenses. We find no merit in these contentions, and we affirm.

1. We first address Revere's contention that the evidence was insufficient to convict him of aggravated stalking. Construed in favor of the verdict, the State presented evidence that in December 2000, a judge issued an order stating: "[Revere] shall not have contact with and/or enter upon premises of Doris Revere." In March, 2001, Doris Revere's son awakened her around 11:15 p.m. and told her that Revere was outside. She picked up her pistol and the phone, went to the door, called 911, and several times asked Revere to leave. Revere started banging on the door and demanded to be let in. Doris Revere was terrified of him and was afraid the door would open if he hit it hard enough. When she told Revere to leave before he got into trouble, he cursed at her and then started to walk away. The police arrived before Revere left the property and arrested him.

The day before this incident, Revere called Doris Revere some 15-20 times and threatened her by stating that he was going to hurt her, that she would regret what was going to happen, and that he

would probably regret it also. She reported this incident to the police, who suggested that she contact Revere's probation officer. She then learned for the first time that the no contact order had been issued in December, and she obtained a certified copy of it.

Revere asserts this evidence is insufficient to support his conviction for two reasons: (a) the victim's consent to previous contact demonstrated that he did not contact her on this occasion for the purpose of harassing and intimidating her as required by OCGA § 16-5-91 (a); and (b) he never acknowledged receiving the no contact order.

(a) We find no merit in Revere's first argument. The victim's previous consent to contact after the order was issued does not alter the fact that, on *this* occasion, she did not consent and repeatedly requested that he leave. Revere failed to comply promptly with her request, and he violated the court's order by coming to her home. The evidence supports his conviction, and the victim's previous consent to contact does not alter this outcome. *Littleton v. State*, 225 Ga. App. 900, 902-903 (4) (485 SE2d 230) (1997) (sufficient evidence supported aggravated stalking conviction even though victim had previously allowed the defendant into her home after entry of protective order).

(b) Relying on *Hooper v. State*, 223 Ga. App. 515 (478 SE2d 606) (1996), Revere contends the State was required to prove that he received actual notice of the no contact order and that merely tendering into evidence the written order failed to satisfy the State's burden of proof for an aggravated stalking conviction.[1] We disagree.

First, our opinion in *Hooper*, supra, cannot be read to mean that the defendant's written acknowledgment that he has received notice of a no contact order is an element of proof for an aggravated stalking charge. Indeed, in *Hooper*, we held that proof of a written order was *not* required to support an aggravated stalking conviction and affirmed based on proof of an oral no contact order. Id. at 517 (3). The following language in *Hooper* about the preference for written orders is nonbinding dicta:

> The statute does not require a written order for such a condition to have effect. The fact that the instruction was given and received, not that it was physically memorialized, is the focal point. Of course, a written instruction, acknowledged in writing by a defendant, is much preferred because

---

[1] Stalking becomes aggravated when the defendant takes actions defined as stalking in violation of a court order. OCGA § 16-5-91 (a). *Bradley v. State*, 252 Ga. App. 293, 294 (556 SE2d 201) (2001).

it forecloses the issue and precludes any doubt. Its absence might be decisive in doubtful cases.

Id.

Second, the only additional proof required by the aggravated stalking statute is that the defendant violated a court order. OCGA § 16-5-91 (a). Cf. *Withers v. State*, 254 Ga. App. 833, 835 (2) (563 SE2d 912) (2002) (proof that defendant violated court order element of aggravated stalking). As a result, it would be inappropriate for this court to engraft onto the statute an additional element for the offense. Finally, even if notice of the order were required, proof of the written order alone is sufficient to prove notice to Revere based on the presumption of regularity in judicial proceedings. *Merrill v. State*, 201 Ga. App. 671, 672 (1) (411 SE2d 750) (1991); *Johnson v. Cleveland*, 131 Ga. App. 560, 561 (1) (206 SE2d 704) (1974).

Having resolved both of Revere's sufficiency of evidence claims against him, we find sufficient evidence supports his convictions under the standards set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his remaining enumeration of error, Revere contends the trial court erred by failing to give his requested charges on the lesser included offenses of stalking and criminal trespass. "If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised by the evidence, denial of the charge request is proper." (Citation and punctuation omitted.) *James v. State*, 210 Ga. App. 454 (2) (a) (436 SE2d 565) (1993). Because Revere's requested charges consisted of photocopies of the entire Code section defining the lesser included offenses, they were not adequately adjusted to the evidence. The trial court's failure to give these charges was not error. Id.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED JANUARY 26, 2006.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney*, for appellee.