A07A0585. BUTLER v. THE STATE.
(644 SE2d 898)

ELLINGTON, Judge.

A judge of the Superior Court of Cobb County found Melinda Butler guilty of mutiny in a penal institution, OCGA § 16-10-54, and felony obstruction of an officer, OCGA § 16-10-24 (b).[1] Butler appeals from the denial of her motion for new trial, raising the general grounds. Finding no error, we affirm.

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The factfinder, not this Court,

---

[1] See OCGA § 16-15-4.

[1] The judge merged the obstruction conviction into the mutiny conviction at sentencing.

resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the [judge's determination] will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

On March 1, 2005, Melinda Butler was an inmate at the Cobb County Adult Detention Center. During mail call on her cell block, Butler struck a fellow inmate in the head and began to beat her. Butler admitted she "popped [the inmate] in the mouth." During the fight, Butler also knocked a second inmate to the floor, causing her to strike her head on a bunk bed. Butler then struck both inmates repeatedly, causing chaos on the cell block. A deputy saw the fight and went to break it up. She ordered Butler to stop fighting and attempted to pull her away from the other inmates. Butler resisted, however, and continued throwing punches at her fellow inmates.

At one point during the brawl, Butler turned toward the deputy and attacked her. The deputy testified that Butler looked directly at her, threw a punch and struck her hand, and then continued swinging her fists at her. Butler injured the deputy's hand and knocked the deputy's radio off her belt. With the assistance of other correctional officers, the deputy was finally able to handcuff and subdue Butler. The deputy required medical attention after the fight. Her knee was scratched, her hand swollen, and her thumb sprained. The sprain took a month and a half to heal.

Butler contends the evidence is insufficient to support her convictions. She argues the State failed to prove her intent, that is that she "knowingly and willfully" resisted the deputy in the lawful discharge of her duties, the intent element of obstruction, OCGA § 16-10-24 (b);[2] and that she intended to cause the deputy "serious bodily injury," the intent element of mutiny in a penal institution, OCGA § 16-10-54.[3] Butler also claims the deputy could not identify her as the one who hit her, in light of the fact that several people were involved in the brawl.

As we have explained, intent is a mental state that is often difficult to prove directly and, consequently, must be inferred from the circumstances. *Eberhart v. State*, 241 Ga. App. 164, 165 (1) (526

---

[2] "Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer" commits the offense of felony obstruction. OCGA § 16-10-24 (b).

[3] A person commits mutiny when she, while in the lawful custody of a penal institution, "assails, opposes, or resists an officer of the law or of such penal institution or a member of the guard with intent to cause serious bodily injury." OCGA § 16-10-54.

SE2d 361) (1999). A factfinder may infer that a person acted with criminal intent based upon the "words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. Further, "[c]riminal intent does not mean an intention to violate the law or to violate a penal statute, but means simply to intend to commit the act which is prohibited by a statute." *Hodges v. State*, 249 Ga. App. 268, 272 (6) (547 SE2d 386) (2001). "The intention with which an act is done is peculiarly for the jury [or finder of fact]." (Citation and punctuation omitted.) *Eberhart v. State*, 241 Ga. App. at 165 (1).

In this case, Butler admitted she struck another inmate and participated in a brawl. She contends, however, that the deputy's involvement in the brawl was only to handcuff her and to arrest her after she had quit fighting. The trial court, as the judge of witness credibility, was authorized to disbelieve Butler's account of the fight and to accept the deputy's testimony as truthful. *Simmons v. State*, 111 Ga. App. 553, 554 (142 SE2d 308) (1965). Further, the trial court was authorized to rely on the deputy's account of events alone. OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."). The deputy testified that Butler disobeyed her order to quit fighting, resisted her efforts to break up the fight, and then turned on her during the course of the fight and punched her and swung at her repeatedly. As a result of Butler's attack on the deputy, she was injured. The court was authorized to infer from these circumstances that Butler both knowingly and wilfully obstructed the deputy by the use of violence and intended to cause the deputy serious bodily injury by striking her with a fist. See *Gibbs v. State*, 255 Ga. App. 183, 184 (564 SE2d 789) (2002) (a defendant's act of violence against a police officer while the officer was lawfully discharging his duties warranted a conviction for felony obstruction); see *Jackson v. State*, 182 Ga. App. 885, 886 (357 SE2d 321) (1987) (an inmate committed mutiny when he assaulted a corrections officer, and his intent to cause serious bodily injury was inferred or presumed by his behavior). Because the evidence adduced supports the convictions beyond a reasonable doubt, we find no error.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED APRIL 5, 2007.

*Frederick M. Scherma*, for appellant.
*Patrick H. Head, District Attorney, Amy H. McChesney, Assistant District Attorney*, for appellee.