## A10A0038. WOODS v. THE STATE.
(691 SE2d 913)

MILLER, Chief Judge.

A Whitfield County jury convicted Tina Lynn Woods of entering a motor vehicle with intent to commit a theft (OCGA § 16-8-18) and obstructing a law enforcement officer (OCGA § 16-10-24). Woods filed a motion for a new trial, which the trial court denied. On appeal, Woods challenges her conviction of entering a motor vehicle with intent to commit a theft, arguing that (1) the evidence was insufficient to support the conviction and (2) the trial court erred in refusing to charge the jury on criminal trespass as a lesser included offense. Finding that the conviction is supported by sufficient evidence and the trial court did not err in refusing to charge the jury on criminal trespass, we affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the record shows that on April 22, 2007, Rafeek Mughrabi's Ford truck was parked in the parking lot of a restaurant Mughrabi owned. The truck was for sale, and Mughrabi testified that the truck was unlocked and he might have placed a "for sale" sign in the vehicle. Just before noon, Mughrabi was driving past the restaurant when he noticed that the driver's side door of his truck had been opened. When Mughrabi pulled into the parking lot, got out of his vehicle, and approached the truck, he saw Woods' legs sticking out of the door. Woods was lying on her stomach going through a box of

personal items Mughrabi had left in the truck.

Mughrabi confronted Woods and asked her what she was doing. According to Mughrabi, Woods was startled, "practically jumped out of the truck," and told him that she wanted to buy the vehicle. When Mughrabi then asked Woods to produce identification, she took off running. Mughrabi followed Woods in his car and observed her enter a nearby gas station, where, according to the clerk on duty, Woods ran inside and locked herself in a bathroom. When police officers arrived on the scene to investigate the incident, Woods refused to come out of the bathroom. Two police officers on the scene that day testified that they unsuccessfully tried to get Woods out by talking with her and letting her know that they wanted to hear her side of the story. The officers further stated that Woods failed to emerge when they sprayed a pepper spray under the door and that while locked in the bathroom, Woods shouted obscenities and threatened to harm herself. Finally, the officers opened the door with a ramming tool.

Woods testified at trial, and contrary to the testimony of other witnesses, she claimed that on the morning of April 22, 2007, she was inspecting Mughrabi's truck because she was potentially interested in purchasing and reselling it. She denied, however, that she entered the vehicle. Woods claimed that Mughrabi approached her while she was looking at the truck; she told him several times that she was interested in purchasing the truck; and Mughrabi asked for her identification and threatened to call 911 unless she produced it. According to Woods, she walked away when Mughrabi refused to quote her a price and only began running when Mughrabi got in his car and revved the engine.

1. Woods contends that the evidence presented at trial was insufficient to support her conviction of entering a motor vehicle with intent to commit a theft. We disagree.

> Upon this Court's review of a criminal defendant's challenge to the sufficiency of the evidence supporting a conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation and emphasis omitted.) *Robinson v. State*, 296 Ga. App. 561, 561-562 (675 SE2d 298) (2009), citing *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

Pursuant to OCGA § 16-8-18:

> If any person shall enter any automobile or other motor vehicle with the intent to commit a theft or a felony, he shall

be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years, or, in the discretion of the trial judge, as for a misdemeanor.

Here, Mughrabi's testimony that he encountered Woods lying in his truck constituted direct evidence that Woods had entered his motor vehicle. See *Gresham v. State*, 246 Ga. App. 705, 707 (2) (541 SE2d 679) (2000) (eyewitness' description of perpetrator seen entering neighbor's vehicle was direct evidence of guilt under OCGA § 16-8-18). The evidence also allowed the jury to conclude that Woods did so with intent to commit a theft. "A factfinder may infer that a person acted with criminal intent based upon the 'words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' " *Butler v. State*, 284 Ga. App. 802, 804 (644 SE2d 898) (2007), citing OCGA § 16-2-6. The jury could infer that Woods intended to commit a theft by virtue of the fact that she had entered "an area of [the truck] in which valuables might be stored." (Citations and punctuation omitted.) *Pound v. State*, 230 Ga. App. 467, 468 (2) (496 SE2d 769) (1998). The fact that the box of Mughrabi's personal items contained no valuables and "[Woods therefore] may have failed in accomplishing [her] apparent purpose does not render a finding of guilty improper." Id. Finally, Woods' conduct in fleeing the scene when Mughrabi asked her for identification, barricading herself in a gas station bathroom, and refusing to communicate with police would authorize the jury to infer criminal intent. See *Sinclair v. State*, 248 Ga. App. 132, 133 (1) (546 SE2d 7) (2001). Under all of the circumstances, the evidence authorized the jury to find Woods guilty of entering a motor vehicle with intent to commit a theft.

2. Woods further contends that the trial court erred in refusing to give her requested charge on criminal trespass as a lesser included offense of entering a motor vehicle with intent to commit a theft. This claim of error is without merit.

Woods' written request tracked, verbatim, subsections (a) and (b) of the criminal trespass statute, OCGA § 16-7-21. Together, those subsections describe five different ways in which an individual may commit the offense of criminal trespass. Yet, on appeal, Woods argues only that the trial court should have given the portion of the instruction quoting OCGA § 16-7-21 (b) (1)[1] because the jury might

---

[1] OCGA § 16-7-21 (b) (1) states: "A person commits the offense of criminal trespass when he or she knowingly and without authority: Enters upon the land or premises of another person or into any part of any vehicle, railroad car, aircraft, or watercraft of another person for an unlawful purpose[.]"

have concluded that she entered Mughrabi's truck for an unlawful purpose other than to commit a theft. Woods does not contend, nor does the record show, that the remainder of the requested charge was adjusted to the evidence in the case. "If *any portion* of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised by the evidence, denial of the charge request is proper." (Citation and punctuation omitted; emphasis supplied.) *Revere v. State*, 277 Ga. App. 393, 395 (2) (626 SE2d 585) (2006). Given Woods' failure to tailor her instruction to the portion of OCGA § 16-7-21 she believed might apply, the trial court's denial of her request to charge on criminal trespass was not error. See *Revere*, supra, 277 Ga. App. at 395 (2) (trial court did not err in refusing to give instruction on lesser included offenses, including criminal trespass, where requested charges consisted of photocopies of entire Code sections and were not adequately adjusted to the evidence); *Brown v. State*, 240 Ga. App. 321, 324 (4) (523 SE2d 333) (1999) (trial court did not err in failing to give written request to charge on lesser included offense when charge was not adequately adjusted or tailored to facts of case); *James v. State*, 210 Ga. App. 454 (2) (a) (436 SE2d 565) (1993) ("In the absence of a proper request to charge, there is no requirement to charge on a lesser included offense.") (citation omitted).

Even if Woods' request to charge was limited to the principles in OCGA § 16-7-21 (b) (1), we still would find no error. "Where . . . the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense." (Punctuation and footnote omitted.) *Sanders v. State*, 293 Ga. App. 534, 536 (2) (a) (667 SE2d 396) (2008). In the instant case, the State presented evidence, primarily through Mughrabi's testimony, that Woods entered his truck with intent to commit theft. Woods, on the other hand, denied that she was ever inside the truck and did not present evidence that she entered the truck for any purpose, lawful or unlawful, other than committing a theft. Here, as in a burglary case in which a defendant denies entering the burglarized premises, the jury had two choices: "either to convict [Woods] of [entering a motor vehicle with intent to commit a theft] if it believed the State's evidence or to acquit the defendant if the State did not meet its burden." (Punctuation and footnote omitted.) *Adams v. State*, 284 Ga. App. 534, 541 (4) (644 SE2d 426) (2007). Under the circumstances, the evidence did not warrant a charge on criminal trespass under OCGA § 16-7-21 (b) (1). *Williams v. State*, 228 Ga. App. 622, 622-623 (2) (492 SE2d 290) (1997) (defendant charged with entering a vehicle with intent to commit theft but who denied ever being near the van from which bags and checkbook were taken was not entitled

to charge on criminal trespass); see also *Johnson v. State*, 296 Ga. App. 112, 113-114 (3) (673 SE2d 596) (2009) (defendant in burglary case who denied entering building in question was not entitled to charge on criminal trespass).

Given the foregoing, the trial court's refusal to give Woods' requested charge on criminal trespass as a lesser included offense of entering a motor vehicle with intent to commit a theft was not error.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 17, 2010.

*Dustin S. Strobel, Michael R. McCarthy*, for appellant.

*Kermit N. McManus, District Attorney, John S. Helton, Assistant District Attorney*, for appellee.