**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**December 16, 2013**

# In the Court of Appeals of Georgia

A13A2365. HICKEY v. THE STATE.

MILLER, Judge.

Following a jury trial, Lorenzo Keith Hickey was convicted of felony obstruction (OCGA § § 16-10-24 (b)).[1] Hickey appeals from the denial of his motion for new trial, contending that the trial court erred in (1) excluding proffered evidence during his cross-examination of the victim, and (2) charging on misdemeanor obstruction without charging on lesser included offenses or giving the jury that option on the verdict form. Discerning no error, we affirm.

---

[1] Hickey was also convicted of battery and simple battery, however, the trial court merged those counts into his obstruction conviction for sentencing purposes.

Viewed in the light most favorable to the jury's verdict,[2] the evidence shows that, shortly before noon on August 3, 2009, a fight broke out between Hickey and another detainee in one of the dorms at the Houston County Detention Center. Five or six officers responded to the fight. While one uniformed officer held the other detainee and tried to calm him down, Hickey swung a punch at the other detainee over the officer's shoulder. The officer then grabbed Hickey by his clothing, made him back up and told him to stop. Hickey looked right at the officer, swung his arm and struck the officer in the bottom lip.

1. Hickey contends that the trial court erred in excluding proffered evidence regarding how the detention center handled Hickey and the other detainee after the fight. Specifically, Hickey argues that the proffered evidence was relevant to a determination of his intent or lack thereof.[3] We disagree.

At trial, during his cross-examination of the officer, Hickey asked the officer what normally happens when detainees are involved in fights. The officer responded

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

[3] Hickey also argues that the proffered evidence was relevant to impeach the officer's testimony. This particular ground for admission of the proffered evidence has been waived because it was not raised in the trial court. See *Williams v. State*, 277 Ga. App. 106, 108 (2) (625 SE2d 509) (2005).

2

that a report is completed, and that it is handled differently if a detainee hits an officer. Hickey then asked the officer whether the detainees are normally removed from their pods, and the officer responded affirmatively. When Hickey then tried to ask the officer what happens when detainees are removed from their pods, the trial court interrupted the cross-examination and asked counsel to approach the bench.

The trial court raised a relevancy concern regarding the line of questioning. Trial counsel argued that the procedure for handling detainees after a fight was relevant because no administrative action was taken against Hickey other than a report, whereas the other detainee involved in the fight was removed from his pod and "put in the hole." Trial counsel argued that the proffered evidence went to intent to some degree, i.e., whether or not Hickey intentionally hit the officer. Following trial counsel's proffer the trial court ruled that anything that happened after the fight was not relevant.

"A trial court's rulings on the relevancy of evidence will not be disturbed unless there is an abuse of discretion." (Citation omitted.) *Agan v. State*. 262 Ga. 783, 784 (426 SE2d 552) (1993).

> Admissibility of evidence is a matter which rests largely within the
> sound discretion of the trial court, and if an item of evidence has a

tendency to help establish a fact in issue, that is sufficient to make it relevant and admissible. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors.

(Citation and punctuation omitted.) *Jones v. State*, 276 Ga. App. 810, 816 (4) (625 SE2d 4) (2005). Irrelevant matter, however, should be excluded. [Former] OCGA § 24-2-1.[4]

"A factfinder may infer that a person acted with criminal intent based upon the words, conduct, demeanor, motive, and all other *circumstances connected with the act* for which the accused is prosecuted." (Citation and punctuation omitted; emphasis supplied.) *Butler v. State*, 284 Ga. App. 802, 803 (644 SE2d 898) (2007). Here, the proffered evidence dealt with administrative actions or decisions that occurred after Hickey struck the officer. Since these actions or decisions were not part of the circumstances connected with the act for which Hickey was accused, the proffered evidence was not relevant to the issue of whether Hickey intended to strike the

---

[4] The former provisions of OCGA § 24-2-1 were in effect until January 1, 2013, when Georgia's new rules of evidence became effective. See Ga. Laws 2011, Act 52, § 2. Georgia's new evidence code defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OCGA § 24-4-401. Since this case was tried in December 2009, the prior evidence code applies.

4

officer. Accordingly, the trial court did not abuse its discretion in excluding the proffered evidence.

2. Hickey also contends that the trial court erred in giving the jury an additional charge on obstruction of an officer that applied only to misdemeanor obstruction. Specifically, Hickey argues that the additional charge allowed the jury to convict Hickey for actions other than intentionally doing violence to the officer. We discern no error.

Because Hickey failed to object to the charge at trial on this basis,[5] we review the jury charge for plain error only. See *Allen v. State*, 290 Ga. 743, 744-745 (3) (723 SE2d 684) (2012); OCGA § 17-8-58. "Under this standard, we must determine whether there is an error that has not been affirmatively waived, is clear and obvious, affects the defendant's substantial rights, and seriously affects the fairness, integrity or public reputation of the judicial proceedings." (Citation and punctuation omitted.) *Durham v. State*, 292 Ga. 239, 241 (3) (734 SE2d 377) (2012).

With regard to felony obstruction, the trial court charged the jury as follows:

---

[5] At trial, Hickey only objected to the additional charge on the ground that there was no testimony that "anything that occurred actually impeded [the officers'] ability to do what they were doing.

5

> [C]ount 1 of this indictment is obstruction of an officer. This is the definition. A person commits the offense of obstruction of an officer when that person *knowingly and willfully* resists, obstructs, or opposes any prison guard in the lawful discharge of the official duties *by doing violence* to the person of the officer.

(Emphasis supplied.) The trial court also gave the following additional charge:

> Now, this offense may be committed by actions that while not otherwise unlawful have the effect of obstructing or hindering the officer while carrying out his duties. This definition does not make criminal any actions that incidentally hinder an officer. The accused must have knowingly and willfully obstructed or hindered the officer. Whether or not the actions of the defendant did hinder or impede the officer in carrying out his assigned duties, that's for you, the jury, to decide.

Hickey argues that the additional charge applies only to misdemeanor obstruction, however, he cites no authority and we have found none that prohibits the use of this additional charge in felony obstruction cases. Moreover, this Court views jury charges as a whole in determining whether the jury was fully and fairly instructed on the law of the case. See *Davis v. State*, 290 Ga. 757, 761 (5) (725 SE2d 280) (2012). Here, the charge as given, closely tracked the language of the Code section and was substantially identical to the suggested pattern charges on obstruction. See OCGA § 16-10-24 (b); Suggested Pattern Jury Instructions, Vol. II: Criminal Cases,

6

§§ 2.44.10-2.44.30 (4th ed. 2013). The trial court also instructed the jury on the State's burden of proving each element of the charged crime, as well as intent, beyond a reasonable doubt. Viewing the charge as a whole, along with the pattern charges and the applicable code section, we find no plain error. See *Alvarez v. State*, 312 Ga. App. 552, 558-559 (3) (718 SE2d 884) (2011) (given charge as a whole, no plain error in felony obstruction charge that closely tracked language of statute and pattern charge). Accordingly, we affirm Hickey's conviction.

*Judgment affirmed. Barnes, P. J., concurs. Ray, J., concurs in the judgment only.*