**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

September 7, 2021

# In the Court of Appeals of Georgia

A21A0667. BRANCH v. THE STATE.

MCFADDEN, Presiding Judge.

Demetric Branch appeals from his aggravated stalking conviction. He challenges the sufficiency of the evidence supporting the conviction; but the trial transcript shows that there was enough evidence from which the jury was authorized to find guilt beyond a reasonable doubt. He also claims that the trial judge failed to fulfill his duty to act as the "thirteenth juror" in reviewing his motion for a new trial; however, the record reveals that the judge did in fact fulfill that duty. Branch further contends that the court failed to apply the proper three-part test before admitting evidence of prior difficulties; but there is no indication in the record that the court did not know the law and apply it before allowing the evidence. Branch's additional claim of ineffective assistance of counsel fails because he has not shown that trial

counsel's performance was deficient. And his final request that we review the harm of the alleged cumulative errors of the trial court and trial counsel is without merit since there are not multiple errors from which to assess cumulative harm. We therefore affirm the judgment of conviction.

1. *Facts and procedural posture.*

Shaquitta Shepherd filed a verified petition for a protective order against Branch, alleging that after she had refused to have sex with him, he sent her numerous threatening text messages and came to her home, where he tried to break down a screen door and spit on her. After a hearing, the superior court issued a 12-month protective order enjoining Branch from threatening, harassing, or intimidating Shepherd and prohibiting him from having any contact or communication with her. Thereafter, Branch sent numerous threatening text messages to Shepherd and contacted her through a social media account.

Branch was indicted for aggravated stalking by contacting Shepherd for the purpose of harassing and intimidating her in violation of the protective order. The case was tried before a jury, which found Branch guilty of the aggravated stalking charge. The trial court sentenced Branch to serve five years in confinement and five

years on probation. After Branch's motion for a new trial was denied, this appeal followed.

2. *Sufficiency of the evidence.*

Branch challenges the sufficiency of the evidence supporting his conviction, arguing that there is no evidence that the protective order was legally issued or that it was served upon him. Both arguments are without merit.

> [W]hen reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

*McAllister v. State*, 343 Ga. App. 213 (1) (807 SE2d 14) (2017) (citation and punctuation omitted).

With regard to the legality of the protective order, Branch argues that the superior court did not have personal jurisdiction over him because there was no evidence of service of process of the petition on him before the court issued the order. But the trial transcript shows that the state introduced, without objection, two sheriff's entry of service documents indicating that Branch was personally served with the petition and summons prior to the hearing. See OCGA § 24-8-802

3

(unobjected to hearsay "shall be legal evidence and admissible"). So contrary to Branch's claim, there was evidence that he was served notice prior to the hearing.

As for service of the court's protective order on Branch, the aggravated stalking statute, OCGA § 16-5-91 (a), does not include service as a necessary element of the offense. It provides:

> A person commits the offense of aggravated stalking when such person, in violation of a bond to keep the peace posted pursuant to Code Section 17-6-110, temporary restraining order, temporary protective order, permanent restraining order, permanent protective order, preliminary injunction, good behavior bond, or permanent injunction or condition of pretrial release, condition of probation, or condition of parole in effect prohibiting the behavior described in this subsection, follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

"[T]he only additional proof required by the aggravated stalking statute is that the defendant violated a court order. [Cits.] As a result, it would be inappropriate for this court to engraft onto the statute an additional [service] element for the offense." *Revere v. State*, 277 Ga. App. 393, 395 (1) (b) (626 SE2d 585) (2006) (rejecting contention that tendering no-contact order into evidence failed to satisfy state's burden of proof for aggravated stalking conviction because state was required to prove that defendant received actual notice of the order). See generally *White v. State*,

4

305 Ga. 111, 114-115 (1) (823 SE2d 794) (2019) (statutory language is afforded its plain and ordinary meaning); *Patterson v. State*, 299 Ga. 491, 495 (789 SE2d 175) (2016) (refusing to engraft specific intent element on to plain statutory language for an offense that did not include that element and noting that it would be a matter for the General Assembly to include such an element).

Moreover, in this case, as in *Revere*, supra, the protective order was admitted into evidence. So "even if notice of the order were required, proof of the written order alone is sufficient to prove notice to [Branch] based on the presumption of regularity in judicial proceedings." *Revere*, supra. And we further note that there was additional testimony and documentary evidence showing that Branch was actually informed of and knew about the protective order. Because there was evidence "show[ing] that [Branch] was aware that a court order was in place which prohibited him from . . . contacting the victim[,] . . . [a]ny rational trier of fact could have found [him] guilty beyond a reasonable doubt of aggravated stalking." *Fields v. State*, 281 Ga. App. 733, 736 (1) (a) (637 SE2d 136) (2006), overruled in part on other grounds by *State v. Lane*, 308 Ga. 10, 24 (838 SE2d 808) (2020). See also *Littlejohn v. State*, 225 Ga. App. 900, 903 (4) (485 SE2d 230) (1997) (sufficient evidence for aggravated stalking conviction where evidence showed that defendant had been informed that he was not

5

allowed inside the victim's home); *Hooper v. State*, 223 Ga. App. 515, 517 (3) (478 SE2d 606) (1996) (aggravated stalking conviction upheld where no-contact order was verbally communicated to defendant).

3. *Thirteenth juror.*

Branch complains that the trial court failed to fulfill its duty to review his motion for new trial under the "thirteenth juror" standard codified at OCGA §§ 5-5-20 and 5-5-21. Under this standard, even if there is sufficient evidence to support the verdict, "the trial court may [exercise its discretion and] order a new trial if the 'verdict of a jury is found contrary to evidence and the principles of justice and equity' or if the verdict is 'decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding.'" *Gresham v. State*, 354 Ga. App. 835, 838 (1) (841 SE2d 484) (2020) (citations omitted). "In exercising that discretion, the trial judge must consider some of the things that [he] cannot when assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence." *Burney v. State*, 299 Ga. 813, 815 (1) (c) (792 SE2d 354) (2016) (citation and punctuation omitted). "But the trial court's discretion to grant a new trial under these circumstances should be exercised with caution and invoked only in exceptional

6

cases in which the evidence preponderates heavily against the verdict." *Gresham*, supra (citation and punctuation omitted). On appeal, we presume, "in the absence of affirmative evidence to the contrary, that the trial court properly exercised its discretion pursuant to OCGA §§ 5-5-20 and 5-5-21. However, when the record reflects that the trial court reviewed the motion for new trial only for legal sufficiency of the evidence, the trial court has failed to exercise such discretion." *Holmes v. State*, 306 Ga. 524, 528 (2) (832 SE2d 392) (2019) (citations and punctuation omitted).

Here, Branch has cited no affirmative evidence showing that the trial court failed to exercise its discretion as the thirteenth juror and the record does not reflect that the trial court reviewed Branch's motion for new trial only for legal sufficiency of the evidence. On the contrary, the trial court's order denying the motion plainly shows that the court first reviewed the legal sufficiency of the evidence and then, in a separate division, expressly noted its discretion under OCGA §§ 5-5-20 and 5-5-21, found that "this is not an exceptional case in which the evidence preponderates heavily against the verdict," and declined to exercise its discretion to order a new trial. Because it is clear from the record "that the trial court exercised its discretion as the thirteenth juror in denying [the] motion for a new trial[, t]his claim of error

7

fails." *Blackshear v. State*, 309 Ga. 479, 486 (2) (847 SE2d 317) (2020) (punctuation omitted).

4. *Prior difficulties evidence.*

Branch contends that the trial court erred in admitting evidence of prior difficulties between him and the victim without applying the three-part test for determining the admissibility of such evidence under OCGA §§ 24-4-403 and 24-4-404 (b). See *Flowers v. State*, 307 Ga. 618, 621 (2) (837 SE2d 824) (2020) ("The trial court must find that: (1) the other acts evidence is relevant to an issue other than the defendant's character, (2) the probative value is not substantially outweighed by undue prejudice under OCGA § 24-4-403. . . , and (3) there is sufficient proof that a jury could find by a preponderance of the evidence that the defendant committed the acts.") (citation omitted). But Branch has cited nothing in the record showing that the trial judge did not apply the test before admitting the evidence; instead, he simply cites to the portion of the transcript where the judge, after hearing the arguments of counsel, overruled his objection to the evidence.

"The trial judge is presumed to know the law and presumed to faithfully and lawfully perform the duties devolving upon (him) by law. This court will not presume the trial court committed error where that fact does not affirmatively appear."

8

*Harrison v. State*, 330 Ga. App. 570, 572 (1) (768 SE2d 762) (2015) (citation and punctuation omitted). See also *Holmes v. State*, ___ Ga. ___ (3) (859 SE2d 475) (2021) ("Trial judges . . . are presumed to know the law and apply it in making their decisions, absent some indication in the record suggesting otherwise.") (citation and punctuation omitted). Given the absence of an affirmative indication in the record suggesting that the trial court did not know the law and apply it, we will not presume error.

And to the extent Branch suggests that the trial court erred in failing to explain on the record how it determined the admissibility of the prior difficulties evidence under OCGA §§ 24-4-403 and 24-4-404 (b), he "did not object to the failure to make Rule 403 and Rule 404 findings on the record, and such a failure was not plain error." *Jordan v. State*, 307 Ga. 450, 453 (2) n. 6 (836 SE2d 86) (2019). See also *Brewner v. State*, 302 Ga. 6, 15 (III) (804 SE2d 94) (2017) (no requirement for on-the-record findings in support of admission of evidence under the three prongs of Rule 404 (b), so no plain error where court failed to make such findings on the record).

5. *Ineffective assistance of counsel.*

Branch claims that his trial counsel was ineffective in failing to object to evidence of text messages and Facebook messages sent by him to the victim as

hearsay that was not properly authenticated. To prevail on this claim, Branch "must show both that his counsel's performance was professionally deficient and that, but for the unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different. We need not review both parts of this test if [Branch] fails to prove one of them." *St. Germain v. State*, 358 Ga. App. 163 (1) (853 SE2d 394) (2021) (citation and punctuation omitted). Branch has failed to prove that trial counsel's performance was deficient, so we need not reach the prejudice prong of the test.

As an initial matter, we note that Branch has not cited any case law that supports his evidentiary claim or shows that such an objection at trial would have been meritorious. Instead, he has simply included a string cite to general code sections concerning hearsay and self-authentication, without presenting any legal argument about which particular sections of those lengthy statutes support his claim of error. See OCGA §§ 24-8-801 to 24-8-804, and 24-9-902. While Branch may have technically complied with the requirement that he include supporting authority for the issue presented in his brief, see Court of Appeals Rule 25 (a) (3), we reiterate that "[i]t is not this court's role to speculate about [or formulate] the legal basis for an appellant's argument[.]" *Evans v. State*, ___ Ga. App. ___ (11) (a) (859 SE2d 593)

(2021). Nevertheless, we will address Branch's argument to the extent we understand it from his brief. *Wimbush v. State*, 345 Ga. App. 54, 60 (812 SE2d 489) (2018).

There are no special requirements for authentication of text messages and Facebook messages.

> Regarding authentication of evidence, OCGA § 24-9-901 (a) and (b) (1) provide: The requirement of authentication or identification as a condition precedent to admissibility shall be satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims and the following is an example of authentication or identification conforming with the requirements of this Code section: Testimony of a witness with knowledge that a matter is what it is claimed to be. Recently, the Supreme Court of Georgia reiterated that documents from electronic sources such as the printouts from a website like Facebook are subject to the same rules of authentication as other more traditional documentary evidence and may be authenticated through circumstantial evidence. Indeed, as we have acknowledged, there are no special rules under Georgia law governing the authentication of electronic documents or communications. Finally, once the party seeking to authenticate a document presents a prima facie case that the proffered evidence is what it purports to be, the evidence is admitted and the ultimate question of authenticity is decided by the jury.

*Johnson v. State*, 348 Ga. App. 667, 674-675 (1) (b) (824 SE2d 561) (2019) (citations, punctuation, and emphasis omitted).

Here, the state made a prima facie showing that the text and Facebook messages were what they purported to be through the testimony of the victim who identified the various messages sent by Branch to her. See *United States v. Arnold*,

11

696 Fed. Appx. 903, 906-907 (II) (A) (2) (10th Cir. 2017) (finding that government properly authenticated evidence through testimony of witness identifying screen-shots of text messages saved to his cell phone). So contrary to Branch's arguments, the evidence was properly admitted and the ultimate question of its authenticity was a matter for the jury to decide. And since an authentication objection to the evidence would have been meritless, the lack of such an objection provides no grounds for finding ineffective assistance of trial counsel. See *Ivey v. State*, 305 Ga. 156, 162 (2) (c) (824 SE2d 242) (2019) (failure to raise a meritless objection does not constitute deficient performance). The trial court therefore did not err in denying the motion for new trial on this ground.

6. *Cumulative error.*

Branch contends that the purported cumulative errors of the trial court and his trial counsel must be addressed under *State v. Lane*, 308 Ga. 10, 17-18 (838 SE2d 808) (2020). But as explained above, "there are not multiple errors from which to assess cumulative harm. See *Cox v. State*, 306 Ga. 736, 743 (832 SE2d 354) (2019) ('[W]e evaluate only the effects of matters determined to be error, not the cumulative effect of non-errors.' (citation and punctuation omitted))." *Hughes v. State*, ___ Ga. ___ (3) (Case No. S21A0730, decided July 7, 2021).

12

*Judgment affirmed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*